Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_Middle_ District of _PA_

_Middle_ Division

| | |
|---|---|
| Akeem Page-Jones *LE6014 | Case No. _____ |
| _Plaintiff(s)_ | _(to be filled in by the Clerk's Office)_ |
| _(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | |
| -v- | |
| See Attached | FILED SCRANTON |
| _Defendant(s)_ | JUN 2 2 2020 |
| _(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)_ | Per_____ DEPUTY CLERK |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I.   **The Parties to This Complaint**

A.   **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Akeem Page-Jones |
| All other names by which you have been known: | Mr. Page-Jones |
| ID Number | LE6014 |
| Current Institution | SCI-Camp Hill |
| Address | 2500 Lisburn Road, P.O. Box 8837 |
| | Camp Hill        PA        17001-8837 |
| | *City            State        Zip Code* |

B.   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (*if known*) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Jason Berfield |
| Job or Title (*if known*) | SCI-Camp Hill's Central Intelligence Officer |
| Shield Number | N/A |
| Employer | John E. Wetzel |
| Address | 2500 Lisburn Road, P.O. Box 8837 |
| | Camp Hill        PA        17001-8837 |
| | *City            State        Zip Code* |

☑ Individual capacity   ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Zimmerman |
| Job or Title (*if known*) | 6-2 Shift RHU Sargent |
| Shield Number | N/A |
| Employer | John E. Wetzel |
| Address | 2500 Lisburn Road, P.O. Box 8837 |
| | Camp Hill        PA        17001-8837 |
| | *City            State        Zip Code* |

☑ Individual capacity   ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name   J. Schneck
Job or Title *(if known)*   SCI-Camp Hills Hearing Examiner
Shield Number   N/A
Employer   John E. Wetzel
Address   2500 Lisburn Road P.o. Box 8837
Camp Hill    PA    17001-8837
    *City*     *State*     *Zip Code*
☑ Individual capacity   ☐ Official capacity

Defendant No. 4
Name   Zachary J. Moslak
Job or Title *(if known)*   The Doc's Chief Hearing Examiner
Shield Number   N/A
Employer   John E. Wetzel
Address   1920 Technology Parkway
Mechanicsburg    PA    17050
    *City*     *State*     *Zip Code*
☑ Individual capacity   ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant No. 5
    Name: C. o⁺ Reese
    Job or Title: G-2 RHU officer
    Shield Number: N/A
    Employer: John E. Wetzel
    Address: 2500 Lisburn Road P.o. Box 8837
              Camp Hill, PA 17001-8837
          ☑ Individual Capacity   ☐ Official Capacity

Defendant No. 6
    Name: C. o⁺ Reneker
    Job or Title: G-2 RHU officer
    Shield Number: N/A
    Employer: John E. Wetzel
    Address: 2500 Lisburn Road P.o. Box 8837
              Camp Hill, PA 17001-8837
          ☑ Individual Capacity   ☐ Official Capacity

Defendant No. 7
    Name: C. o⁺ Buelto
    Job or Title: G-2 RHU officer
    Shield Number: N/A
    Employer: John E. Wetzel
    Address: 2500 Lisburn Road P.o. Box 8837
              Camp Hill, PA 17001-8837
          ☑ Individual Capacity   ☐ Official Capacity

Defendant No. 8
    Name: C. oᵐ Gilday
    Job or Title: G-2 RHU Lieutenant
    Shield Number: N/A
    Employer: John E. Wetzel
    Address: 2500 Lisburn Road P.o. Box 8837
              Camp Hill, PA 17001-8837
          ☑ Individual Capacity   ☐ Official Capacity

Defendant No. 9
    Name: C. oᵐ Snyder
    Job or Title: G-2 RHU Lieutenant
    Shield Number: N/A
    Employer: John E. Wetzel
    Address: 2500 Lisburn Road P.o. Box 8837
              Camp Hill, PA 17001-8837
          ☑ Individual Capacity   ☐ Official Capacity

Defendant No. 10
    Name: Christina Srebro
    Job or Title: Unit Manager
    Shield Number: N/A
    Employer: John E. Wetzel
    Address: 2500 Lisburn Road P.o. Box 8837
              Camp Hill, PA 17001-8837
          ☑ Individual Capacity   ☐ Official Capacity

Defendant No. 11
  Name: Scott Miller
  Job or Title: Correctional Classification Treatment Manager
  Shield Number: N/A
  Employer: John E. Wetzel
  Address: 2600 Lisburn Road  P.o. Box 8837
           Camp Hill, PA 17001-8837
           ☑ Individual Capacity  ☐ Official Capacity

Defendant No. 12
  Name: Tonya L. Heist
  Job or Title: Correctional Superintendents Assistant
  Shield Number: N/A
  Employer: John E. Wetzel
  Address: 2600 Lisburn Road  P.o. Box 8837
           Camp Hill, PA 17001-8837
           ☑ Individual Capacity  ☐ Official Capacity

Defendant No. 13
  Name: Laurel Harry
  Job or Title: Facility Manager/Superintendent
  Shield Number: N/A
  Employer: John E. Wetzel
  Address: 2600 Lisburn Road  P.o. Box 8837
           Camp Hill, PA 17001-8837
           ☑ Individual Capacity  ☐ Official Capacity

Defendant No. 14
  Name: Keri Moore
  Job or Title: Assistant Chief Grievance Officer
  Shield Number: N/A
  Employer: John E. Wetzel
  Address: 1920 Technology Parkway
           Mechanicsburg, PA 17050
           ☑ Individual Capacity  ☐ Official Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. Sargent Zimmerman alone with officer's Reese, Reneker, Buelto, and Lieutenant Gilday are responsible for searching my assigned cell and not following Doc Policy when all of my Personal Property was confiscated. Central Intelligence officer Jason Berfield fabricated evidence of a crime that never occurred. Lieutenant Snyder is responsible for failing to investigate the matters in my Grievance and falsified reports. J. Schreck violated Doc Policy by being bias during my misconduct hearing. Ms. Srebro, Mr. Miller, Ms. Heist, Ms. Harry, Ms. Moore, and Mr. Moslak are all responsible for both Doo Violating Doc Policies and my rights.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☑    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose. On 6/18/18 at approx 7:55AM on the 6-2 shift RHU Sargent Zimmerman alone with RHU Officer's Reese, Reneker, Buelto and Lt. Gilday searched my cell and confiscated all my Personal Property. I filed a grievance and Lt. Snyder failed to investigate my claim's and falsified reports and denied it. On 6-19-18 I received a misconduct about escape by CIo Berfield. I offered was found guilty by J. Schreck of escape that never occurred. I appealed and was denied on all level's. I was denied by Ms. Srebro, Ms. heist, Mr. Miller Ms. Harry, Ms. Moore, and Mr. Moslak when there were clear violations in my misconduct and Grievance.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

On 6-18-18 at approximately 7:53 AM in Camp Hill's RHU on the 6-2 Shift.

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I was found guilty of a crime/misconduct that never occurred. I received ninety (90) days disciplinary time and was placed on the Escape Risk List. Documents from my legal discovery was used against me and it was taken and never returned. Sgt. Zimmerman, Officer's Reese, Reneker, Bueato, and Lt. Gilday all claimed to have found contraband such as a documented Planned Escape. I received a misconduct from Jason Benfield who claimed that I was Planning an escape and used my legal ~~discovery~~ discovery as evidence against me. I also filed a Grievance about my property being taken. I appealed my Grievance and my misconduct. I was denied on my Grievance by Lt. Snyder, Ms. Harry, and Ms. Moore, which is all level's. I was denied on my misconduct by Ms. Srebro, Mr. Miller, Ms. Heist, Ms. Harry, and Mr. Mostak. Both Grievance and misconduct appeal remedies has been exhausted.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Psychologically Injured.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims. I respectfully request to court to grant me $15,000 in punitive damages by each defendant for the violations of my freedom of speech, retaliation, fabrications of reports, the destruction of my legal documents, for using my legal documents against me as evidence of a crime that never occurred, and Violation of Doc policies and procedures. $50,000 in compensatory damages for deformation of character, emotional distress, and psychological damage. Also to be removed from the Doc's Escape Risk List.

Also for retaliation, and negligence

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). State Correctional Institution of Camp Hill

B.     Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.     Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

I Filed the Grievance at SCI-Camp Hill

2.    What did you claim in your grievance?

To be re-imburst for the items that were taken.
To have my legal documents returned or legal action would be taken for Violations of Doc Policies and Procedures and my rights and I Would Seek money damages.

3.    What was the result, if any?

I was denied any relief at all levels.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I filed the initial Grievance and on the initial review response I was denied. I then appealed to the Facility managers level and on the facility managers level I was denied.

I then appealed to central office for final review and I was also deied.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. Please See Exhibits A1-A11, B1-B8, C1-C5, and D1-D7

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

  1.  Parties to the previous lawsuit

      Plaintiff(s)  _____

      Defendant(s)  _____

  2.  Court *(if federal court, name the district; if state court, name the county and State)*

      _____

  3.  Docket or index number

      _____

  4.  Name of Judge assigned to your case

      _____

  5.  Approximate date of filing lawsuit

      _____

  6.  Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition. _____

  7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☐ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)   _____

    Defendant(s)   _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition  _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

    _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   5/15/20

Signature of Plaintiff   _Akeem Page-Jones_
Printed Name of Plaintiff   Akeem Page-Jones
Prison Identification #   LF6014
Prison Address   P.o. Box 200
Camp Hill           PA        17001
City                State      Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Address   _____
City                State      Zip Code
Telephone Number   _____
E-mail Address   _____

Akeem Page-Jones #LE6014
SCI-Camp Hill
P.O. Box 200
Camp Hill PA,17001-0200

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7011    0001 0515 9057

PER _____
DEPUTY CLERK

JUN 2 2 2020

RECEIVED
SCRANTON

Office Of The Clerk
United States District Cou...
Middle District Of Pennsylvania
William J. Nealon Federal BLDG.
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

(Exhibit A1)                    C

| Form DC-141 Part 1<br>Rev. 12/2017 | **COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS** | D 086880 |

☒ MISCONDUCT REPORT     ☐ OTHER     ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number<br>LE6014 | Name<br>Pair-Jones, Akram | Institution<br>CAM | Incident Time 24 Hr. Base<br>1230 | Incident Date<br>6-18-18 | Date of Report<br>6-19-18 |
| Quarters<br>E-Unit | Place of Incident<br>RHU A26 | | | | |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** Class 1 #6 Escape

**STAFF MEMBER'S VERSION** On 1-18-2018 documents were recovered from inmate Pair-Jones (LE6014) that described planning an escape attempt at various areas in "the Burch." the documents go on to describe how and where the escape would occur and how it would be facilitated.

**IMMEDIATE ACTION TAKEN AND REASON** Inmate to remain on phase status on RRL in the RHU pending formal hearing with the HEX

| PRE-HEARING CONFINEMENT | | | |
|---|---|---|---|
| | **IF YES** | | |
| ☐ YES<br>☐ NO | TIME<br>ALREADY Confined | DATE | |

| FORMS GIVEN TO INMATE |
|---|
| ☒ REQUEST FOR WITNESSES AND REPRESENTATION   ☒ INMATE'S VERSION |

| REPORTING STAFF MEMBER<br>SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY<br>RANKING C.O. ON DUTY  SIGNATURE  AND TITLE | DATE AND TIME INMATE GIVEN COPY |  |
|---|---|---|---|
| | Capt. R/ | DATE<br>6-19-18 | TIME 24 HOUR<br>BASE<br>1405 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE<br>6/21/18 | TIME<br>0 800 | ☒ CLASS 1   ☐ CLASS 2 | D. Roco co Roose |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law. If this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15              YELLOW – Inmate              PINK – Reporting Staff Member

*DC-ADM 801, Inmate Discipline Procedures Manual*                    *Attachment 1-B*
*Section 1 – Misconducts/Rule Violations*
Issued: 12/1/2017
Effective: 12/1/2017

(Exhibit A2)

| DC-141        PART 2(C)                    | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| Rev. 9/2009    HEARING SUPPLEMENT | DEPARTMENT OF CORRECTIONS |
| INMATE VERSION AND WITNESS STATEMENTS | |

| DC Number | Name | Facility | No. from PART I |
|---|---|---|---|
| LE 6014 | Page-Jones, Akeem | CAM | D08680 |

**INMATE'S VERSION**

#1.) Per DC-ADM 801, Inmate Discipline Procedures Manual Section (1) B. Misconduct/Rule Violation Reports.

2.) The DC-141, Part 1 shall be written by either the charging staff member who has Personal Knowledge of the rule Violation.

The DC-141, Part 1 may be written by a staff member at the direction of a Person who has Personal Knowledge of the misconduct; In such cases, The DC-141 MUST Include A Justification As To [Why] The Individual With Personal Knowledge Did Not Write The Report. Because @ Sgt. Zimmerman along with C.O's Reese, Reneker, Buetto all searched my cell. Neither of these individuals gave any Justification as to Why any of them didn't write this misconduct. Thus, Violating DC-ADM 801 Procedures/ Policy.

3.) The DC-141, Part 1 shall be written and submitted to the Shift Commander before the tour of duty concludes, the same day/shift that the Charging staff member has knowledge of the Violation. If Not, The Report Shall Include A Justification For The Delay.

Because the incident actually took Place on 6-18-18 Yet! I received the misconduct exactly 25 hours and 35 minutes later. And upon such misconduct there was no Justification for the delay. Thus, Violating DC-ADM 801 Procedures/ Policy.

I, Akeem Page-Jones #LE6014 Soley swear that all that's stated is to the best of my Personal knowledge.

This So called Planning an escape ~~bnthn~~ attempt Paper was a story skit to a book that I was creating as my own Publication. It clearly says "The Burgh" Which is Pittsburgh, PA Where my Publication was~~taken~~ Place at. This Publication was taken along with all my Personal Property. Not once did I state anything about SCI-Camp Hill or Camp Hill, PA. The Paper was simply a rough draft skit or scene to a Publication I was trying to create. Never did I mention to escape from a State facility in PA. My Publication was taking Place at a Juvinile detention center in Pittsburgh. It's a Urban Fiction novel. I am on RRL and turn over to A 6/26/18. I have been in the RHU for over @ 500 days with no major Problems. My intentions were not for what this misconduct be traded it to be. Please dismiss or find me not guilty for Violation of Policy and for what the Paper really was, a skit/scene.

WHITE – DC-15        YELLOW – Inmate Cited        PINK – Staff Member Reporting Misconduct        GOLDENROD – Deputy Superintendent

**DC-ADM 801, Inmate Discipline Procedures Manual**
**Section 1 – Misconducts/Rule Violations**                              *Attachment 1-E*
Issued: May 20, 2015
Effective: July 2, 2015

(Exhibit A3)

| Form DC-141 Part 1 Rev. 12/2017 | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | D 164404 |
|---|---|---|

☒ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number LE 6014 | Name Page-Jones, Akeem | Institution CAM | Incident Time 24 Hr. Base 1421 | Incident Date 6-19-18 | Date of Report 6-21-2018 |
|---|---|---|---|---|---|

| Quarters E-Unit | Place of Incident MHU A-26 |
|---|---|

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** CLASS #1 ESCAPE

**STAFF MEMBER'S VERSION** On 6-19-2018 documents were recovered from inmate Page-Jones, (LE6014) that describe planning an escape attempt at various areas in "the bars". the documents go on to describe how, where and who would be involved in the escape. Also included in the documents were photos of individuals with guns (mentioned in the documents were using guns to assist in the escape). IT is the belief of this author that this letter is a letter outlining a planned escape from hospitals involving many individuals. Also included in the documents were codes and instructions on using the code to communicate. this misconduct was delayed and written by LT J Benfield due to the need to review and investigate the documents.

this misconduct is a Re-write from DO86880.

**IMMEDIATE ACTION TAKEN AND REASON** Inmate Page-Jones is to remain in present status unto seen by the HEX for a formal hearing.

| PRE-HEARING CONFINEMENT | | | | Date after due to rewrite |
|---|---|---|---|---|
| | IF YES | | | |
| ☐ YES | TIME | DATE | | FORMS GIVEN TO INMATE |
| ☐ NO | Already | Continue | | ☒ REQUEST FOR WITNESSES AND REPRESENTATION ☒ INMATE'S VERSION |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE  AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| J Benfill | CAPT. DARBY | DATE 6-21-18 | TIME 24 HOUR BASE 1500 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☒ CLASS 1 ☐ CLASS 2 | |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15          YELLOW – Inmate          PINK – Reporting Staff Member

*DC-ADM 801, Inmate Discipline Procedures Manual*                    ***Attachment 1-B***
*Section 1 – Misconducts/Rule Violations*
Issued: 12/1/2017
Effective: 12/1/2017

(Exhibit A4)

| DC-141    PART 2(C) | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Rev. 9/2009    HEARING SUPPLEMENT | DEPARTMENT OF CORRECTIONS | | |
| INMATE VERSION AND WITNESS STATEMENTS | | | |

| DC Number | Name | Facility | No. from PART I |
|---|---|---|---|
| LE6044 (Page-Jones) | | CAM | D 164404 |

**INMATE'S VERSION**

I, inmate Page-Jones Pleads "Not Guilty" to the charge of escape.

Under DC-ADM 801 Inmate discipline Procedures Manual, section 1 B

The DC-141 Part I shall be written by the charging staff member who has Personal Knowledge of the rule violation.
The DC-141, Part I may be written by a staff member at the direction of a Person who has Personal Knowledge of the misconduct. In such cases, the DC-141 Must Include A Justification As To Why The Individual With Personal Knowledge Did Not Write The Report.

Sgt. Zimmerman, C.O's Reese, Reneker, Buelto all Participated in the Search of my cell yet — None of these officers nor does Lt. Berfield give an Justification as to "Why" none of the above officers did not write this misconduct.

All the above are Procedural Violations, which clearly Justifies for this misconduct to be dismissed. Where Procedures are not correctly followed, the Proceeding can not be conducted accordingly.

There's not even a Schedule hearing date.

Again this so called Planning an escape attempt is a created skit/scene to a book I was creating as my own Publication. It clearly says "The Burgh" as in Pittsburgh, PA. Where my Publication takes Place at. This Publication was taken along with the rest of my Personal Property. Not once did I state anything about SCI-Camp Hill or Camp Hill, PA. The Paper was simply a skit/scene that came from my imagination for a Publication that I was trying to create. never did I mention an escape from a state facility in PA. My Publication was taken Place at a Juvenile detention center called Shuman in Pittsburgh. It's to be a urban fiction Novel where it's known to try to make the book as real as Possible. My intentions were not for what this misconduct betoted it to be.

The Photos that were found are Photos from my criminal case as those Photo's are evidence that was used against me in court. Now it's being used against me again in a misconduct as a Planned escape. There are only two individuals in those Photo's, one Person is me at 16 yrs old and my co defendant. I have Police reports that can verify those Photos and a Subpoena for all Phone records including all stored Photographs, as my case was a homicide and said Photos were Part of the investigation. Please find me not guilty of escape this misconduct.

WHITE – DC-15    YELLOW – Inmate Cited    PINK – Staff Member Reporting Misconduct    GOLDENROD – Deputy Superintendent

*A-26 (Exhibit A5)*

| DC-141, Part 2(B) DISCIPLINARY HEARING REPORT | COMMONWEALTH OF PENNSYLVANIA Department of Corrections | | | | |
|---|---|---|---|---|---|
| DC Number LE6014 | Name Page-Jones, A. | Facility CAM | Hearing Date 7/2/18 | Hearing Time 1130 | No. from Part 1 D164404 |
| INMATE PLEA | ☐ Guilty ☑ Not Guilty | ☐ No Plea ☐ Other | VERDICT | ☑ Guilty ☐ Not Guilty | |

HEARING ACTION

CHARGES #6

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

HEX notes that the date and time when the hearing could be scheduled was missing on the DC-141 but documents that the I/M was served on 6/21/18 at 1500, the hearing was conducted on 7/2/18 and the I/M was able to provide his written version of the incident prior to the hearing.  HEX also notes the charge number was missing from the report but the charge itself was written out.

I/M pleads NOT GUILTY to charge #6.

I/M submits and reiterates a written version.  HEX did view the supporting documentation which is located in the Security Office.

HEX believes CO3 Berfield's written report and the documents from the I/M's property over the I/M's denial that he was attempting to escape by the reporting officer stating that documents were recovered from the I/M's property which describe a detailed plan to escape while in a hospital, how many individuals would be needed to affect his escape and codes and instructions on using the code to communicate .  HEX notes the I/M in his written version never disputes authoring the document but claimed it was skit/scene for a book he was planning to write.  Any attempt to commit any of the above listed charges shall constitute a misconduct of the same classification as the completed act.

A preponderance of evidence exists to support charge #6.

     GUILTY  #6  -  90 days DC

          Consecutive

| | | | |
|---|---|---|---|
| ☑ YES ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | 1-C Inmate Version Supporting Documentation | |
| ☑ YES ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | | |
| ☑ YES ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES ☑ | |
| ☑ YES ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| J. Schneck | *J. Schneck* |
| | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE – DC-15      YELLOW – Inmate Cited     PINK – Staff Member Reporting Misconduct
GOLDENROD – Deputy Facility Manager

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 4 – Disposition of Charges and Misconduct Sanctions*       *Attachment 4-A*
Issued: May 20, 2015
Effective: July 2, 2015

(Exhibit A6)

| DC-141, Part 2 E<br>Misconduct Hearing Appeal | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| DC Number<br>LE604 | Name<br>Akeem Page-Jones | Facility<br>Cam | No. From Part 1<br>D164404 |

I was found guilty of misconduct number ___#6___ on __7/2/18__
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

<u>Check Area(s) Involved</u>

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☐ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

I, inmate Page-Jones #LE604 has plead "Not Guilty" to the misconduct charge of escape and was found guilty on 7/2/18.

I have numerous reasons to why the above numbered misconduct should have been dismissed or found Not Guilty for solid fact finding and Procedural Violations.

1.) Contraband (aa.) Any item that can reasonably be used to facilitate a crime or misconduct. This misconduct should not have been a misconduct for escape as I did not attempt to escape or escape from SCI-Camp Hill or any other state facility in Pennsylvania. It should have been contraband if it was to be written as a misconduct.

2.) These so called documents that was said to be a planned escape in "The Burgh" which is "Pittsburgh" was indeed a chapter to a publication that I created from a figure of my imagination. These codes or instructions that is spoken about I do not have any knowledge of such codes that was claimed to be found. As my chapter to my book was taken I was never given a DC-154A confiscation slip for what was taken. Never did this paper indicate that a attempt escape or escape was planned or to occur

(continue pg. 2)

__Akeem Page-Jones__                         __7/2/18__
Inmate's Signature                              Date

(Exhibit A6)

Pg.2 of DC-141 Part 2  Misconduct Hearing Appeal  Misconduct #D164404  Date: 7-2-18
Akeem Page-Jones #LE6014       Camp Hill

in any State facility, Camp Hill PA, Sci-Camp Hill, or any other State facility in
Pennsylvania, Violating (Searches of inmates and cell DC-ADM 203), As any item that is
contraband or evidence of a crime or misconduct will be confiscated. You "will be given a
confiscation slip for any item that is removed.

3.) ADM 801, inmate disciplin Procedures second 1
D. Service of misconduct report)
6. Within 24 Hours (or as soon as normal facility operations permits) or receipt of a copy of
the DC-141, ~~Misconduct~~ Part 1 and the mental health/intellectual disability consultation for
disciplinary disposition form the LPN/Designee will conduct an interview with the inmate to
access the inmate and complete the mental health/intellectual disability ~~consultation~~ consultation
for disciplinary disposition form. 7. The evaluating mental health ~~professional~~ professional
shall not have a current treatment relationship with the inmate. I inmate Page-Jones
was never seen by a mental health professional after receiving a DC-141, Part 1 as I
am a C-Code and on the mental health roster Violation of (ADM 801, inmate discipline
Procedures).

4.) Misconduct/Rule Violation
The DC-141, Part 1 Shall be written by the charging Staff member who has Personal
Knowledge of the rule Violation. The DC-141, Part 1 may be written by a staff member
at the direction of a Person who has Personal Knowledge of the misconduct, in such cases,
the DC-141, Part 1 must include a Justification as to why the individual with Personal
Knowledge did not write the report.
Sgt. Zimmerman, C.o's Reese, Reneker, Buelto, all participated in the search of my Cell
(A-22cell) Yet - none of these officers nor does Lt. Berfield give a Justification as to "why"
none of the above officers did not write this misconduct. Violation of (DC-ADM 801)

5.) Misconduct #1 Escape is incorrect, Escape is #6 not #1 Assault... Violation of
(Misconduct DC-ADM 801, Misconduct charges).

6.) There was not a scheduled hearing date at the bottom of said misconduct.

7.) Place of incident (A-26cell) is incorrect, as the search took Place in (A-22cell). During
the search, I was placed into (A-26 cell).

Because of the above stated reasons, facts, and Violations it is to my very knowledge that the
above numbered misconduct should have been dismissed based on the factual evidence and
Procedural Violations. The hearing examiner acknowledged the hearing schedule was missing
and the misconduct charge number was also missing, but fails to acknowledge the fact
that I was never given a confiscation slip for the things that were taken. The hearing examiner
ignored the factual evidence and many Violations of Doc's Policies that I stated in my
defense and he still went with the officers word who wrote the misconduct, as it is the
hearing examiners Job to go off factual evidence and Doc Policies and acknowledge
such Violations, not the officers misconduct report alone as that creates room to be
bias and not fair grounds of a fair hearing for a inmate who states facts and Violations
of Doc Policies. The hearing examiner failed to investigate the book that I created
that has six (6) chapters already written and it would've backed the truth of what was
said to be found, a chapter to a book not a Planned Escape as it was betrayed to be.
To effectively be provided with a equal opportunity in accordance to the 14TH Amendment
Due Process Clause of both State and Federal Constitution. Please reverse this
guilty verdict due to the truth of factual evidence and Procedural Violations.
CC: AFJ                                               (S) Akeem Page-Jon

(Exhibit A7)                                                    E

| DC-141, Part III | **COMMONWEALTH OF PENNSYLVANIA** | | | |
| Program Review | **Department of Corrections** | | | |
| Committee Action | | | | |
| ☒ Misconduct Appeal    ☐ Periodic Review    ☐ Other | | | | |

| DC Number | Name | Facility | Date of Review | No. from DC-141, Part 1 |
|---|---|---|---|---|
| LEY6014 | Akeem Page-Jones | CAM | 7/17/18 | D164404 |

**Program Review Committee's Decision and Rationale**
The above named inmate is appealing the decision of the Hearing Examiner on 7/2/18

Misconduct D164404 on the following grounds:

☒A.  The procedures employed were contrary to law, Department directives, or regulations
☐B.  The punishment is disproportionate to the offense
☒C.  The findings of fact were insufficient to support the decision

**PRC Decision:** PRC has reviewed the misconduct, your appeal, and supporting documentation and has determined that: since no boxes were checked, the committee is returning this without action.

☒A.  The procedures employed did not violate law, Department directives, or regulations.
There is no evidence of any action taken that was contrary to DOC policy or procedures.
☐B.  The punishment is/is not proportionate to the offense

☒C.  The findings of fact were sufficient to support the decision
**The evidence relied upon was sufficient to support the Hearing Examiner's decision of your guilt.**

### Decision Relative to PRC Review

☐ Continue  ☐ Move to AC  ☐ Release to GP  ☐ Release Cell Restriction  ☐ Continue Investigation

☐ Release to Control GRP  ☐ Release Medical  ☐ Release Diag. Center  ☐ Release Sent. Complete

### Decision Relative to Hearing Examiner's Verdict

| ☐ Reject | ☒ Uphold | ☐ Uphold-Modify | ☐ Remand back | ☐ Vacate-permit Recharge | ☐ Dismiss |
|---|---|---|---|---|---|

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| Christina Srebro, Unit Manager | *(signature)* | 7/17/18 |
| Scott Miller, CCTM | *(signature)* | 7/17/18 |
| Tonya L. Heist, CSA | *Tonya Heist* | 7/17/18 |

WHITE – DC-15        YELLOW – INMATE        PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD - DSFM

***DC-ADM 802, Administrative Custody Procedures Manual***
***Section 4 – Release from Administrative Custody Status***        ***Attachment 4-A***
Issued: 11/13/2012        Effective: 11/20/2012

(Exhibit A8)

Second Level of Appeal (Facility Manager) L. Harry   Misconduct # D164404   Page 1
From: Akeem Page-Jones #LE6014   SCI-Camp Hill   E-A-26 cell   Date: 7-21-18

☑ A. The Procedures employed were contrary to law, Department directives, or regulations;
☐ B. The Punishment is disproportionate to the offense; and/or,
☑ C. The findings of fact were insufficient to support the decision.

I was found guilty of misconduct number Six (6) on July 2nd, 2018

I first want to touch bases on PRC's decision which if you read makes no sense. It states "PRC has reviewed the misconduct, your appeal, and supporting documentation and has determined that since no boxes were checked, the committee is returning this without action". Again if you read my appeal to PRC, see you will clearly see that I indeed checked two (2) boxes which were "A and C". It's clear that the staff on PRC did not even look at my reasons for appealing my guilty verdict. When there were indeed many violations of DOC policies and procedures as I also provided factual evidence that shows that the guilty verdict was wrong, but PRC decided to side with the hearing examiner as the hearing examiner sided with the reporting officers misconduct.

I, inmate Page-Jones #LE6014 has plead "Not Guilty" to the misconduct charge of escape as I was found guilty on 7-2-18.

I have numerous reasons to why the above numbered misconduct should be dismissed, because of solid fact finding and procedural violations. Please read the following;

1) Contraband (aa) Any item that can reasonably be used to facilitate a crime or misconduct. (This misconduct should not have been a misconduct for escape as I did not attempt to escape or escaped from SCI-Camp Hill or any other state facility in Pennsylvania). The misconduct should have been contraband if it was to be written as a crime or misconduct.

2) This so called documents that was said to be a planned escape in "The Burgh" which is short for Pittsburgh was indeed a chapter to a publication that I created from a figure of my imagination. These codes of instructions that is said to be found, I do not have any knowledge of said codes that was claimed to be found. As my chapter to my novel was taken and I was at no time issued a DC-154A confiscation slip for what was taken. (Never did this chapter indecate that an attempted escape or escape was planned or to occur in any state correctional facility, Camp Hill PA, SCI-Camp Hill, or any other state correction facility in Pennsylvania). Per DOC's Policy and Procedures (Seaches of inmates and cell DC-ADM 203) As any item that is contraband or evidence of a crime or misconduct will be confiscated. You will be given a confiscation slip for any item that is removed.

3) ADM 801 Inmate Discipline Procedures Section 1
D. (Service of misconduct report)
6. Within 24 hours (or as soon as normal facility operations permits) or receipt of a copy of the DC-141, Part 1 and mental health/intellectual disability consultation for disciplinary disposition form, the LPM/Designee will conduct an interview with the inmate to access the inmate and complete the mental health/intellectual disability consultation for disciplinary form. 7. The evaluating mental health professional shall not have a current treatment relationship with the inmate. I inmate Page-Jones was at no time seen by a mental health professional after receiving a DC-141, Part 1 as I am on the mental health roster as a C-Code.

4) Misconduct/Rule Violation
The DC-141, Part 1 shall be written by the charging staff member who has personal knowledge of the rule violation. The DC-141, Part 1 may be written by a staff member and the direction of a person who has personal knowledge of the misconduct in such cases the DC-141 Part 1 must include a justification as to why the individual with personal knowledge did not write the report. . . Sgt. Zimmerman, C.O's Reese, Reneker, Baleto all participated in the search of my cell (A-22 cell) Yet-none of these officers nor does

(Exhibit A8)                                                    Page. 2

Lt. Berfield give an Justification as to "Why" none of the above officers did not write this misconduct.

5). Misconduct #1 Escape is incorrect, Escape is #6 not #1 Assault. . .

6). There was not a scheduled hearing date at the bottom of the misconduct.

7). Place of incident (A-26 cell) is incorrect, as the Search took place in (A-22 cell). During the search, I was placed into (A-26 cell).

On 6-18-18 a cell search was conducted on my cell E-A-22 as I was attempting to participate in morning recreation. Officer Zimmerman searched my cell and discovered an urban street novel that I was in the process of writing, trying to constructively utilize my idol time. Officer Zimmerman forwarded my novel to the security Lieutenant J. Berfield, and he later used events within my novel to charge me with escape. Still I wasn't issued a confiscation slip. The events within my novel were largely fictious and lacked merits, to establish I was attempting to plan or execute an escape from SCI-camp Hill or any other state correctional institution. The security Lieutenant took it upon himself to misinterpret my street jargon as what he rationalizes as code words to aid an escape.

My novel's scene is set in Pittsburgh (Da Burgh) and are the experiences of a fictious character of 15 years and his life and dealings within a Juvenile facility. Although this fictious character does attempt an escape from a Juvenile facility, it is nothing more than creative writing on my part and not part of some grand scheme.

The security Lieutenant Berfield also confiscated pictures from my criminal discovery which were 7 years old, and I've had since been convicted for and used them as supporting evidence to Justify his false claims I was planning to escape.

I am on (RRL) and housed on an L-5 housing unit which is the most secure housing within the facility, all of my mail incoming and outgoing is recorded and scrutinized. If I was actually planning an escape it would require outside help, but no investigation can show such results.

I feel I've been a victim of misinterpretation and Lt. Berfield aggressive and irrational form of policing, and I would like to request to have you review the documents along with my conviction by hearing examiner J. Schneck.

Because of the above stated reasons, facts, and violations it is to my very knowledge that the above numbered misconduct should be dismissed based on the factual evidence and procedural violations. The hearing examiner acknowledged the hearing schedule was missing and the misconduct charge number was also missing, but fails to acknowledge the fact that my novel and legal documents were taken, sent to security, and charged with a misconduct when I never was issued a confiscation slip. The hearing examiner ignores the factual evidence and many violations of Doc policies. To effectively be provided with a equal opportunity in accordence to the 14TH Amendment Due process Clause of both State and Federal constitution. With that being said please reverse and dismiss this misconduct.

(S) _aceen page Dove_

CC: APJ

(Exhibit A9)

| COMMONWEALTH OF PENNSYLVANIA<br>Second Level Appeal<br>☒ Misconduct Appeal   ☐ A/C Appeal | | DEPARTMENT OF CORRECTIONS<br><br>__SCI-CAMP HILL__ | |
|---|---|---|---|
| **DC Number**<br>**LE6014** | **Name**<br>**AKEEM PAGE-JONES** | **Location**<br>**SCI CAMP HILL** | **Misconduct No.**<br>**D164404** |

**SUPERINTENDENT'S DECISION:**

I have received your misconduct appeal and reviewed all available documentation. Though PRC inadvertently stated that no boxes were checked, your appeal was answered accordingly.  I find that there were no violations of DOC policy or procedure, and the evidence presented supports the findings of the Hearing Examiner.  Therefore, I uphold the findings of the Hearing Examiner.

### DECISION RELATIVE TO SECOND LEVEL APPEAL

| Untimely   Sustain   Sustain-Amend   Refer Back to P.R.C   Exonerate Inmate | |
|---|---|
| **SIGNATURE** | **DATE** |
| | **August 1, 2018** |

cc:   DSCS
       CCPM
       DC-15
       File

To: Chief Hearing Examiner          Misconduct #DI64404          8/5/18

From: Akeem Pase-Jones #LE6014/SCI-camp Hill  (For Final review)  (Exhibit A10)

My appeal to the Superintendent was upheld in the findings of the Hearing Examiner, which shows the lack of the Superintendents own investigation. My Property was taken and I [never] was issued a confiscation slip, How is that not a Violation of Doc Policy or Procedure? When in fact Doc Policy clearly states "Any item that is Contraband or evidence of a crime or misconduct will be confiscated. You [will] be given a confiscation slip for any item that is removed". (Per DC-ADM 203) If the Superintendent had conducted her own investigation she would clearly have seen the Violations of Doc Policy and Procedure which ~~above~~ is obvious. She would not have stated "She finds that there were no Violations of Doc Policy or Procedure". This reason alone should be enough to have this misconduct exonerated.

On 6/18/18 at approx 12:30AM Sgt Zimmerman, c/o's Reese, Reneker, and Buelto conducted a Search on my assigned cell in the RHU "EA-22cell". The reason given for the described cell Search was due to excess Property claims by block Sgt Zimmerman. Prior to extracting me from my cell "EA-22 cell" he Performed a security Search on "EA-26 cell" which was the cell to hold me while they Performed/conducted a Search of my cell "EA-22". When Sgt Zimmerman exited "EA-26 cell" he had an assortment of Papers/documents in his hands I assumed was trash from the unoccupied "EA-26 cell". I was immediately Placed in "E.A-26 cell" while the above mentioned officers conducted an hour and a half Search on my cell "EA-22", where they claim to have confiscated various documents. I was never Provided an opportunity to view or even review said documents, and on 6/19/18 unbeknownst to myself I received a D.C. 141 misconduct for "Escape". D.C. 141 #D086880# written by Lt. Berfield on 6/21/18 I was seen by hearing examiner Schneck, and the above mentioned charge of "Escape" was dismissed without Presudice. On 6/21/18 Lt. Berfield rewrote the misconduct D.C. #DI64404 charging me again with Escape, due to some unknown documents. On 7/2/18 I had a disciplinary hearing before (Hex) Schneck and received 90 days disciplinary time due to him supporting Lt. Berfields reports. I then filed a timely appeal assuming that the written documents they were speaking about and charging me with were a chapter out of an urban fiction novel in which I was authoring but my scene was a Juvenile delinquent School in Pittsburgh. My appeal was denied by the Program review Committee, as well as my appeal to the facility manager upholding the hearing examiner's decision.

After reviewing all of my Personal Property and documents I realized that I was still in Possession of my urban fiction novel in which I was authoring [This is Amended information] and under the assumption that Lt.Berfield was claiming was my escape Plan which would have in turn gotten me charged with escape. I have no knowledge nor did I author any other documents especially those Pretaining to an escape Plan, Doc Policy states (D.C-ADM 203)"Any item that is Contraband or evidence of a crime or misconduct will be confiscated and you Will be given a Confiscation slip for any items removed". I have no knowledge of the documents Lt.Berfield claims to be in Possession of, and with Lt.Berfields "elite training and expertise" if any items were confiscated I should have received a confiscation slip. Its only fair that I assume the documents in question were the trash and Papers Sgt Zimmerman retrieved out of "EA-26 cell" and has mistakenly charged them as mine. If we let the record reflect on both D.C. 141'S #D086880 and #DI64404 the Place of incident and recovery of questioned documents were found in "EA-26 cell", not my cell "EA-22 cell". My biggest Question is how am I being charged with documents found in an unoccupied cell?. E-Block is a restrictive housing unit and we are monitored closely and under officer escort. So there is no logical explanation of how I could Place or be responsible for any items within "EA-26 cell", when I was housed in "EA-22 cell". I have since been housed in "EA-26 cell" due to the 90 day rotational Security moves, and would humbly ask You to check the record for my Past bed assignments as evidence of where I was housed during said Search. I Akeem Pase-Jones attest that everything written within is factual and to the best of my knowledge, I am requesting to ~~be~~ have this misconduct exonerated due to Violations and error.

CC:APJ

Akeem Pase-Jones

(Exhibit A11)                                      ςF

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1920 Technology Parkway
Mechanicsburg, PA 17050

August 24, 2018                    -A 26

OFFICE OF THE
CHIEF HEARING EXAMINER

Akeem Page-Jones, LE-6014
SCI-Camp Hill

                              Re:    DC-ADM 801 - Final Review
                                     Misconduct No. D164404

Dear Mr. Page-Jones:

        This is in response to your appeal to Final Review of the above-numbered misconduct.

        In accordance with DC-ADM 801, § 5 (C. 6), I have reviewed the entire record of this
misconduct including your appeals at the institution level and the issue(s) raised to Final Review.

        In your appeal you raise no specific issue(s), but instead repeat your version of the events to
support your claim of innocence. This, of course, is the same version the Hearing Examiner rejected
in finding you guilty of the misconduct.

        An appeal is a review for error. It is not an opportunity to receive a new hearing on the
merits. Findings of fact are made by the Hearing Examiner. On appeal, it is not the function of this
Office to second-guess the Examiner, but only to determine whether the findings are clearly
documented in the record. In your case, the findings made by the Examiner are amply supported by
evidence presented at your hearing. Whether this Office might reach a different result given the
same evidence is not the issue. It is sufficient that the Examiner's findings are supported by ample
evidence to prevent this Office from altering those findings on appeal.

        For the above-stated reasons, I conclude that the issues raised for appeal do not, as a matter of
law, require any further action on this misconduct. Your appeal must, therefore, be denied.

                              Zachary J Moslak
                              Zachary J Moslak
                              Chief Hearing Examiner
                              Pennsylvania Department of Corrections

ZJM/srh
cc:     Superintendent Harry

"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to
provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding
citizens; while respecting the rights of crime victims."

(Exhibit B1)

Richery Search

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
743621
GRIEVANCE NUMBER
Due 7/13/18

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR MS. Tonya Heist | FACILITY: Cam | DATE: 6/22/18 |
|---|---|---|

FROM: (INMATE NAME & NUMBER)
Akeem Page-Jones #LE6014

SIGNATURE OF INMATE:
Akeem Page-Jones

WORK ASSIGNMENT:                    NA

HOUSING ASSIGNMENT:
E-A-26 cell

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 6/18/18 at approx 7:53AM 6-2 shift I inmate Page-Jones LE6014 was housed inside of A-22 cell when I was stripped searched by both c-o' Reese and c.o° Zimmerman, As this is standard procedures prior to being escourted to the Restricted Housing unit (RHU) exercise area/The yard. Upon the completion of the strip search, I inmate Page-Jones LE6014 was Placed in hand restraints in front of my cell as c.o° Zimmerman Proceeded to "briefly" search my cell. During this "brief search" I noticed that c.o° Zimmerman had thrown away numerous items which I've recently Purchased via SCI-commissary. Items such as two bottles of lotion, two bottles of deodorant, three bars of soap, three carbon paper, half of prem ink Jet Paper, one bottle of body wash, two sensodyne tooth Paste, denture tablets and cup, twenty Pre-Paid envelopes, one wash cloth, four legal writing Pads, one long John bottems which all totaled to approx $48.36. I did advise this c.o° but, I was only ignored. Minutes later this c.o° directed c.o' Reese to Place me into A-26 cell because I had too much Property.

After being Placed inside of A-26 cell I visionually observed c.o° Zimmerman and c.o' Reese begain searching through the piles of legal work I possess. c.o' Bueito

B. List actions taken and staff you have contacted, before submitting this grievance.

(continued on pg. 2)

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                    Date
                                                            6/26/18

WHITE Facility Grievance Coordinator Copy        CANARY File Copy        PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    *Attachment 1-A*
Issued: 1/26/2016
Effective: 2/16/2016

[Exhibit B]

Pg. 2 Of Grievance Filed by Akeem Page-Jones #LEGO14 on 6/22/18

then came up to Join this cell Search after Grabbing a clear trash bag. C.O' Reneker also came to Join this cell search at approx 8:00-8:20 AM. C.O' Reneker left and came back to A-22 cell with two brown record storage boxes, as C.O Zimmerman directed him to retrieve. During this "search" I visionually observed C.O Zimmerman reading through Portions of my legal work/Documents while also Passing around AutoPSY Photographs (Of the dead victim from my case) to C.O'Reneker. I did advise C.O Zimmerman that he Shouldn't be looking or Passing around such Sensative legal material of mines. Again, my Pleas were ignored.

At or about 8:25-8:30AM C.O' Reece and C.O'Buelto left A-22 cell to aid with bringing Yard back in. C.O Zimmerman remained inside my cell (A-22) Sorting through "every" Peice of Paper which consist of legal Documents. This Search began at exactly 7:55-8:50-8:53 AM (Please Preserve CCTV footage) Whereas, C.O Gileday approached the cell. After Stepping into the cell and Speaking with C.O' Zimmerman, C.O' Reneker, C.O' Reece, and C.O' Buelto each officer exited the cell (A-22). While doing so, C.O Zimmerman continued throwing legal work/Documents away. I did advise C.O Gileday about that. C.O Zimmerman the came out of my cell (A-22) holding a stack of Black and White Photographs and a ~~█████~~ Stack of other documents that belong to my legal discovery. I adviced C.O Zimmerman that those Photos are apart of my Current Appeal Process. This C.O advised me that Said Photographs will be Sent to Security for approval.

I have offical Documentation within my Discovery which clearly States "Photographs of Defendant holding guns taken from his cell Phone"... Therefore, Said Photos Should've never been confiscated. It also may be noted that I was [Never] issued a Dc-154A confiscated items receipt (Inmate), for none of the items/legal work that was thrown away or taken.

This is the Second Grievance I've brought against this C.O regarding him confiscating my legal material. Twice is the Start of a Pattern...

What has occured is a clear violation of Doc Policy by not issuing me a confiscation slip for my Personal Property being thrown away and taken. My right to be free from unreasonable Searches and Seizures violates my (4th Amendment) was violated because there was no reasonable Justification for the invasive Search.

I feel as if this is in retaliation to the first Grievance I filed against this C.O back in December of 2017. Indeed, if I'm being retaliated against ~~████~~ for Praticing my rights to file a complaint/Grievance against a correctional officer for violating my constitutional rights. Theres not a Shadow of doubt in my mind that I am not Safe at this facility. Relief Seeking: To be transfered immediately so no further retaliation will occur for filing this Grievance. To be reimbursed $48.36 for the destruction of my Personal Property/Commissary. Lastly, to have all my legal documents returned to me. Or $50,000 in punitive for each document that was lost or destroyed.

C.C: APJ

(S) Akeem Page-Jones

(Exhibit B2)

## INITIAL REVIEW RESPONSE
### SCI Camp Hill
### 2500 Lisburn Road
### Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

| Inmate Name: | Page-Jones, Akeem | | Inmate Number: | LE-6014 |
|---|---|---|---|---|
| Facility: | SCIC | | Unit Location: | EA-26 |
| Grievance #: | 743621 | | Grievance Date: | 6-22-18 |

Publication (if applicable):

**Decision:** ☐ Uphold Inmate
X Grievance Denied
☐ Uphold in part/Denied in part

It is the decision of this grievance officer to uphold, deny **or uphold in part/deny in part** the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.

**Response:**                                                                    Frivolous   X

I have received your grievance dated 6-22-18, regarding your allegations against Sgt. Zimmerman, for allegedly confiscating commissary items, and legal work. An investigation was conducted into this matter.

During the investigation, all Officers that you named in your grievance were interviewed as to your allegations as well.

On 6-18-18, you state that you were stripped searched, restrained, and a brief cell search was conducted, which is RHU policy before going to the yard, and which you do not dispute. During the search, you were found to be in possession of excessive state issued items, and excessive cell contents, contrary to RHU policy.

Upon these discoveries, a more thorough search of your cell was warranted. Also due to your recent misconduct for implements of escape, in which you were found guilty by the Hearing Examiner for, a more thorough search was prudent and you were placed into A-26.

During the search, suspected gang paraphernalia was found, and upon consultation with the security office, these items were confiscated, and you received a Confiscated Items Reciept. During the search, you allege that "sensitive" legal documants were passed around by the searching Officers, and legal paperwork was thrown away.

At no point was any of your "legal paperwork" or photograpghs passed around or thrown away, but excessive papers and trash that presents a fire hazard, was removed from your cell for health and safety measures, and to bring you in cell content compliance.

In conclusion, your 4th Amendment rights were not violated by an illegal search and seizure. All items that were considered legal work were retained, all trash was removed, and you were issued a CIR for suspected gang paraphernalia.

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**                        Attachment 1-D
Issued: 1/26/2016
Effective: 2/16/2016

(Exhibit B2)

As to the relief you are seeking for the immediate transfer to another facility, you are to start the procedure with the unit manager, and follow the proper steps from there.

As to the the reimbursement of $48.36 for "confiscated" commissary, again none was taken, only excessive state issued items were confiscated. And since you allege that you did not receive a CIR for these items, you offer no proof that these items were confiscated. Therefore your request is denied.

And your last request of $5,000 in punitive damages for loss of alleged legal items, in which you did receive a CIR for, this request is denied. All items that were suspected gang paraphernalia were turned over to the security office for review, and Sgt. Zimmerman issued you a CIR for.

You offer no proof of retaliation by Sgt. Zimmerman, and other then your "suspicions".Therefore your grievance is denied, and found to be frivolous. No evidence of wrong doing has been identified.

The response to this grievance was late due to my deployment to SCI Phoenix. This will not affect your appeal rights.

| Signature: | Snyder P. |
| Title: | 0600-1400 RHU Lt. |
| Date: | 8-6-18 |

cc:   Facility Grievance Coordinator/th
      DC-15

(Exhibit B3)

## SCI
## INMATE APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| LEG014 | AKeem Page-Jones | E-A-26 cell | 8/7/18 | 743621 |

**I received my initial response from the Grievance Office/Coordinator on** ___8-7-18___
**and have the following appeal issues.**

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

I Filed a Grievance 6-22-18 because on 6-18-18 my cell was to be briefly Searched as I was trying to attend Yard. Upon this brief Search Sgt Zimmerman told C.O' Reese to Place me in A-26 Cell after I told him not to throw away my Personal items that I Purchased from Commissary. I was then told I had too much Property in my Cell. In my initial review response Lt. Snyder States that I had excessive state issued items which isn't true. All items in my cell Were Personal items that I Purchased from outside book CompAny's, I had mail from my family and friends, I had Pictures, Soaps, Deodorant, Hair Grease, and other hygiene items that I Purchased off Commissary, and Pretty much all legal documents for my appeal in my First case and appeal in my second Plus documents for my many Civil lawsuits. Those items are not State issued items are they? During this cell Search that's when a scene from my urban fiction book I was writing was found and I was served a misconduct the next day 6/19/18 for escape. So why was a more thorough Search of my cell warranted? I was also Placed in A-26 Cell 6/18/18. Now, there is suspected gang Paraphernalia that was claimed to be found in my cell which this is my first time hearing of this. Pictures to my legal case which I was Convicted for was taken and now Your Staff is saying it's gang Paraphernalia which is obsurd. I've had them Pictures which are of me and my Co-defendent Posing with different guns now I'm being Punished again which is double Jeopardy am I wrong?

(Continue Pg. 2)

C.C: APJ

**INMATE SIGNATURE:** _Akeem Page-Jon_

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*
Issued: 1/26/2016.
Effective: 2/16/2016

*Attachment 2-A*

(Exhibit B5)

Pg. 2 of Appeal to Facility Manager for Grievance #743621          8/7/18
From: Akeem Page-Jones #LE6014       SCI-Camp Hill       E-A-26 Cell

I have legal documentation that I can prove that those pictures are part of my criminal homicide case. Taken them is illegal in any state as I have a right to that kind of discovery especially when the DA used it against me in the court of law. I seen Sgt. Zimmerman pass around Autosy Photos of the deceased victim around to other officers as that is very sensitive documents, I also seen with my own two eye's that Sgt throwing away my legal documents that is part of my case and appeal process. So it's being said there were excessive papers and trash that was thrown away. Those papers that is said to be excessive papers were the legal documents I am speaking of. Yes, my 4th Amendment rights were indeed violated because the search was an illegal search and seizure because there was no real reason for that search. As Lt. Snyder says it was because I recently was found guilty for implements of Escape which is incorrect because all of this occurred on 6/18/18 and my misconduct was served on 6/19/18. My rights were also violated because all these items were taken and I never was issued a confiscation slip as Lt. Snyder says I did. If that is true please provide me the number of said confiscation slip and tell me what all was taken. Your not going to be able to because of all the items that were taken there would have to be more than one confiscation slip for the amount of Personal Property confiscated. At No time was I issued a C.I.R for anything taken, as Lt. Snyder claims Sgt. Zimmerman issued me one or multiple C.I.R'S. I seek to be transfered out of this facility because I am being retaliated against and now they are attempting to cover up their foot steps because if a proper investigation was conducted it would've been found that my claims are facts and the truth. To be re-imburst $48.36 for all of my confiscated items I order from commissary. You can check the cameras dated back to 6/18/18 and 6/19/18 and it will be proven that all my Personal Property was taken in a clear trash bag. That's the proof I have and again I wasn't issued a C.I.R at No time. $50,000 in Punitive damages for the loss or destruction of my legal documents and Personal Property as it has Sentamental vaule and for not receiving a C.I.R which is a violation of Doc Policy and for Sgt. Zimmerman fabracating the he issued me a C.I.R. Where is the proof in his claim? This is the second time said Sgt took parts of my legal documents, but this time he's lying about the C.I.R. If so please show me. I was told that all my Personal Property was sent to security and that was over a month ago and this is new news to me. Please look at this matter very carfully as I seek my relief.

Respectfully,
(S) Akeem Page-Jones

CC: APJ

(Exhibit B4)

**Facility Manager's Appeal Response**
**SCI Camp Hill**
2500 Lisburn Road
Camp Hill, PA 17001

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Akeem Page-Jones | Inmate Number: | LE6014 |
|---|---|---|---|
| Facility: | Camp Hill | Unit Location: | E block |
| Grievance #: | 743621 | | |

| Decision: | ☒ Uphold Response (UR) ☐ Uphold in part/Deny in part<br>☐ Uphold Inmate (UI)<br>☐ Dismiss/Dismiss Untimely |
|---|---|

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | *Frivolous* |
|---|---|

I am in receipt of your appeal and have reviewed your original grievance as well as the Grievance Officer's response. In your appeal, you claim your cell was to be briefly searched June 18, 2018 while you attended yard. You state you were placed in cell A26 while the search occurred after telling Sgt. Zimmerman "not to throw away my personal items that I purchased from commissary." You indicate you were then told you had too much property in your cell. However, you claim all items in your cell were personal and not state issued as Lt. Snyder stated. You go on to state that during the search "a scene from my urban fiction book I was writing was found and I was served a misconduct the next day 6/19/18 for escape." You ask why a more thorough search was warranted. You further allege pictures from your legal case were taken and staff are saying it is gang paraphernalia. You claim the pictures are of you and your co-defendants with guns. You further allege you can prove the photos are part of your criminal homicide. You claim you saw staff passing autopsy photos around of the dead victim and that your legal documents were thrown out. In your lengthy appeal, you state you feel your 4th Amendment Right was violated and claim you were not issued a confiscation slip as Lt. Snyder indicates. You ask to be transferred from this facility, to be reimbursed for confiscated items, and to be awarded $15,000 in punitive damages.

I find the Grievance Officer properly investigated your grievance concerns and provided an appropriate response. As stated in the initial response, you were found to be in possession of excessive cell contents. During the search, an implement of escape was found as well as suspected gang paraphernalia. I find no evidence of your legal documents being taken and "thrown out" or of "staff passing autopsy photos around." In some instances, although a Confiscated Items Receipt is issued, a copy is not issued to the inmate for security reasons. No evidence of wrong doing has been identified.

Therefore, I uphold the initial response and your appeal and any requested relief is denied.

| Signature: | *[signature]* |
|---|---|
| Title: | Facility Manager |
| Date: | 8/14/18 |

cc: DC-15
File

To: Chief Office of Inmate Grievances and Appeals      Date: 8/18/18
From: Akeem Page-Jones #LE6014/Camp Hill
Appeal for final review for Grievance #743621

On 6/22/18 I filed the above numbered Grievance because on 6/18/18 my cell
was searched by Sgt. Zimmerman 6-2 shift because I asked him not to throw
away personal items of mines. I believe that was the reason for the search as he
say's the reason was I had too much property. I was then placed into cell A-26 as
the search took place in cell A-22. This search went on from 7:55AM to 8:53AM
(Check video footage on A-Pod top teir on 6/18/18). During this cell search
Sgt. Zimmerman had a clear trash bag brought to him where he threw away my hygine
products and other items that I purchased via Commissary along with my legal
documents to my criminal case. I seen this because I can see into A-22 cell from A-26
cell. I also seen this Sgt passing around autopsy photo's of the decessed victim from my case.
The rest of my property was left in A-22 cell and when Sgt. Zimmerman left the cell he had photo's
of myself and my co-defendant holding several firearms that the Commonwealth of Pennsylvania
used as evidence to convict me of first degree murder. Those photo's are needed as I am
being hindered from proceeding with my appeal stages without them as those photo's are exhibit's.
Those photo's along with a chapter from an Urban fiction novel I was writing was taken/confiscated
by Sgt. Zimmerman and at no time was I issued a confiscation slip as (DC-ADM 203) states,
violating that policy. I was then told in my initial review response that my photo's from my
legal discovery was suspected gang paraphernalia, which is obsurd! I have documentation
that can verify those photo's were found in my cell phone by homicide detectives on March 22,
2011. (See: Attached exhibit #A-1 to this letter). On 6/19/18 all of my property that was left in
A-22 cell was put into a trash bag by Sgt. Zimmerman and sent to Security as evidence.
Again, at no time was I issued a confiscation which violates Doc policy (DC-ADM 203)
as I do not know exactly where my property is but, I do know it was taken from me.
There a pictures of family friends and information that holds sentimental value and can't be
replaced. Ms. Harry fails to acknowledge these wrong doing's. She states in the facility
managers response that "In some instances, although a confiscation slip is issued, a copy
is not issued to the inmate for security reasons". That is not true at all! In fact,
Doc Policy (DC-ADM 203) clearly states: "Any item that is contraband or evidence of a
crime or misconduct will be confiscated. You [will] be given a confiscation slip for any
item that is removed". Nowhere does policy state: "A confiscation slip will be issued, but
the inmate will not receive a copy for security reasons". How do I or any other inmate
appeal to your office for final review without a copy of the confiscation slip? To my
knowledge there was not a ▓▓▓▓▓▓▓ confiscation slip [ever] written by any staff
here at SCI-Camp Hill. Once again violating Doc Policy (DC-ADM 203). (Check video
footage on 6/18/18 E-Block A-Pod Top Teir camera from 7:55AM to 8:53AM, the cell search, the
trash bag with my thrown away property and legal discovery, and Sgt. Zimmerman with ▓▓▓▓
my ▓▓▓▓ legal photo's in his hand). Also (check video footage on 6/19/18 E-Block A-Pod
Top Teir camera from 11:20 to 11:54AM as you will see Sgt. Zimmerman take a trash bag
into 22 cell on A-Pod and walk out with it full of my property). Relief I Seek: To be
transfered immediately because I am being taracted and tormented by RHU staff
and Security staff which is in retaliation for my assault on Security staff at SCI-
Fayette. To be reimbursed $48.36 for the destruction of the Commissary I purchased and
to be rewarded $50,000 in punitive damages for taking my legal discovery and throwing
away my legal discovery. Violating Doc Policy (DC-ADM 203), 1st Amendment Freedom of
Speech and Association, 4th Amendment unreasonable searches and seizures, 5th Amendment Due
Process access to the courts, 8th Amendment cruel and unusual punishment, 14th Amendment Due
Process deprive any person of life, liberty, or property. Which are all my constitutional Rights to be free
from.                                    Respectfully, Akeem Page-Jo
CC: APJ

(Exhibit B6)

2018

1 of 2

## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information associated with your intent to appeal a grievance (identified below, if available) to final review, to communicate your concern(s) to the Secretary's Office of Grievances and Appeals, and/or to check the status of review related to your matter.

| Inmate Name: | Akeem Page-Jones | Inmate Number: | LE6014 |
|---|---|---|---|
| SCI Filed at: | Camp Hill | Current SCI: | Camp Hill |
| Grievance # (if available): | 743621 | | |

| | | |
|---|---|---|
| | | a) You have already received final disposition/review on this issue through this Office. |
| | | b) This Office has no prior record of receipt of an appeal from you regarding this issue. |
| | | c) You have already filed a grievance to seek review and resolution of this matter. |
| | | d) You are encouraged to work through institutional channels to resolve your complaint initially. If unable to resolve your complaint informally, be advised that DC-ADM 804 provides a mechanism for all inmates to seek formal resolution for concerns. |
| | | e) You failed to provide the official grievance number for identification purposes. |
| | | f) Your claim to have grieved and/or appealed this concern at the institutional level without response does not entitle you to direct appeal to final review. Rather, contact the Grievance Coordinator or Facility Manager's office regarding the status of your appeal. |
| | | g) You have not yet appealed this issue to the Facility Manager. Final review will not be granted until you do so. Upon receiving a response from the Facility Manager at the respective facility, you may once again submit a timely written appeal to this Office for final review. Be sure that your appeal to this office includes all the necessary documents as outlined in DC ADM 804. If all documents are not received with your appeal, it may be dismissed. This response does not grant you a right to an appeal if it would otherwise have been untimely to pursue that appeal to the Superintendent. |
| | X | h) Your grievance and/or correspondence is being filed without further action for the reason(s) specified in the Comments/Action Taken section below. |
| | | i) The following action has been taken in response to the inquiry, request, or concern communicated in your letter. |

**Comments/Action Taken**
I am in receipt of your letter dated 12/20/18 asking if this office completed a final review response for the above referenced grievance. Review of the record finds that a final review response was completed and mailed to you at SCI Camp Hill on 10/19/18. Enclosed you will find a courtesy copy for your records.

| Signature: | Keri Moore | Title: | Assistant Chief Grievance Officer |
|---|---|---|---|
| Date: | 12/28/18 | | |

KLM/TAW

Enclosure

cc:    DC-15/Superintendent CAM
       Grievance Office



(Exhibit B6)

2 of 2

### Final Appeal Decision
### Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Akeem Page-Jones | Inmate Number: | LE6014 |
|---|---|---|---|
| SCI Filed at: | Camp Hill | Current SCI: | Camp Hill |
| Grievance #: | 743621 | | |
| Publication (if applicable): | | | |

| Decision: | ☑ Uphold Response (UR) |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Uphold in part/Deny in part |

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | Frivolous |
|---|---|

In this grievance, you indicate that on 6/18/18 your cell was briefly searched by Officer Zimmerman after you were strip searched in preparation for yard. You indicate that during the brief search, Officer Zimmerman threw away 2 bottles of lotion, 2 bottles of deodorant, 3 bars of soap, 3 carbon paper, half of a ream of ink jet paper, 1 bottle of body wash, 2 Sensodyne toothpaste, denture tablets and cup, 20 prepaid envelopes, 1 wash cloth, 4 legal pads, and 1 pair of long john bottoms totaling $48.36. You go on to indicate that after this, a more thorough search ensued in which staff passed around autopsy photos of the victim of your crime, read through portions of your legal work/documents, etc. You indicated that you advised staff that they should not be reading your materials or passing around the photos of the deceased victim of your crime, to no avail. You indicate that the search lasted over an hour and staff continued to throw legal work of yours away and staff exited your cell with a stack of black and white photographs and a stock of other documents that belonged to your legal discovery. You feel that this is being done out of retaliation and indicate that you were not provided with a CIR for the items that were taken and/or thrown away. For relief, you seek to be transferred immediately so no future retaliation will occur for filing this grievance; to be reimbursed $48.36 for the destruction of your personal property/commissary; and to have all your legal documents returned to you or $5,000.00 in punitive damages for the loss of your documents.

Review of the record finds that when you were removed from your cell and strip searched to go to yard, staff found that you were to out of property compliance. Due to this, your cell was searched and when the search occurred, you were found to be in possession of various types of contraband. Despite your claim of no CIR being completed, records reflect that CIR #148341 was completed for the items that were taken from your cell. These items included a bag which contained an unknown substance; 3 papers; 10 copied pictures, and 2 letters that contained escape information. While you indicate that various other items were taken from your cell and thrown away, no evidence was found to support such. Further, no information/evidence was found to suggest that any autopsy photos were passed around by staff, etc. The photos in question were sent to the IPRC for review and they were denied on 10/4/18. If you have concerns with the denial of those photographs, you know that you have the ability to appeal that denial. Further, no evidence of retaliation was found. Lastly, due to items found in your cell, you received a misconduct for having implements of escape in your possession. Due to the above information, this office finds the responses provided to you appropriately address your concerns. Your requests for relief are denied at this time.

| Signature: | Dorina Varner | *Vori Warner for* |
|---|---|---|
| Title: | Chief Grievance Officer | |
| Date: | 10/19/18 | |

DLV/klm

cc:   DC-15/Superintendent Harry
      Grievance Office



***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 2 – Appeals***
Issued: 1/26/2016
Effective: 2/16/2016

***Attachment 2-F***

(Exhibit B7)

To: Ms. Keri Moore  Chief Grievance Officer                    Date: 1-3-19
From: Akeem Page-Jones *LE6014  SCI-Camp Hill
Response to: Final Appeal Decision dated 10-19-18 for Grievance #743621

I received a final appeal decision from your office 1-2-19 for the first time as the date
state it was completed 10-19-18 and you state it was sent to me that same day. . . I write
you this very letter because there are several things that you stated in that final review
decison that I do not agree with as you clearly state a couple of violations but tell me
it was done because of this or that. Yes I was removed from my cell 6-18-18 to attend
yard and normally a brief security check of the cell is conducted, but this day I was placed
into another cell after I told Sgt. Zimmerman that he could not throw away my property
that I purchased from off commissary. Let me note that this is not the first time that
Sgt. Zimmerman briefly searched my cell with the same amount of property in my cell. so
what made this day so important? Signs of retaliation! Why wasn't I told to sort out the
property I needed because I had too much property? Policy does not state if an inmate
has too much property it will be searched and confiscated. More or less, you state that
records shows that during this search I was found to be in possession of various types
of contraband. I stated before that I was never issued a C.I.R despite of you providing
me with C.I.R #148341. All the property that was taken/confiscated from me would've
issued more than one (1) C.I.R. You state that there was a bag of an unknown
substance, 3 papers, 10 copied pictures, and 2 letters that contain escape information.
Yes, I indicate that various other items were taken from my cell and thrown away and if you
would've reviewed the video footage that I clearly asked to be reviewed you would've seen
that I indeed had evidence to support that . . . Now that unknown substance was baby
powder that I purchased from commissary. Those 3 papers I do not know what that is
because I wasn't issued a copy of said C.I.R. Those 10 copied pictures are 10 out of
33 pictures that was taken from my legal discovery. You state that those pictures were
sent to IPRC for review and was denied 10-4-18. You clearly acknowledge that those
photo's were from my legal discovery as I provided you with a copy of the police report in
my homicide case which the District Attorney used those photo's as evidence to convict
me. Since when do legal discovery get sent to IPRC for review? I had those photos
for over 7years as I need them for my appeal stages which is being hindered because they
were taken by SCI-Camp Hill's staff. Now the 2 letters that was claimed to have escape
information was/is not what it was made out to be as I did receive a misconduct for
that, as I stated in my appeal for said misconduct that they were skits/sences to a
uraban fiction novel I was writing and I am still writing. At no time was a C.I.R
placed on my misconduct so how can it truely be said I was issued one? The misconduct
I received was for escape not implements of escape. I don't know what more evidence
was needed for this grievance, but it's very clear that my 1ST, 5TH, 8TH, and 14TH has been
violated and no staff official see's such violations. It is to my knowledge that I have
exhausted all of my administrative remedies and plan to take action in the courts. I
just that I'd be ~~████████~~ respectful enough to have this grievance looked at again
and have these violations fixed as I received no relief at all to clear violations of
Doc policies and my Amendment Rights.

Thank you for your consideration in this matter.

Respectfully,
Akeem Page-Jones

C.C: APJ

(Exhibit B8)

2019

**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information associated with your intent to appeal a grievance (identified below, if available) to final review, to communicate your concern(s) to the Secretary's Office of Grievances and Appeals, and/or to check the status of review related to your matter.

| Inmate Name: | Akeem Page-Jones | | Inmate Number: | LE6014 |
|---|---|---|---|---|
| **SCI Filed at:** | Camp Hill | | **Current SCI:** | Camp Hill |
| **Grievance # (if available):** | 743621 | | | |

| | | |
|---|---|---|
| | *x* | a) You have already received final disposition/review on this issue through this Office. |
| | | b) This Office has no prior record of receipt of an appeal from you regarding this issue. |
| | | c) You have already filed a grievance to seek review and resolution of this matter. |
| | | d) You are encouraged to work through institutional channels to resolve your complaint initially.  If unable to resolve your complaint informally, be advised that DC-ADM 804 provides a mechanism for all inmates to seek formal resolution for concerns. |
| | | e) You failed to provide the official grievance number for identification purposes. |
| | | f) Your claim to have grieved and/or appealed this concern at the institutional level without response does not entitle you to direct appeal to final review.  Rather, contact the Grievance Coordinator or Facility Manager's office regarding the status of your appeal. |
| | | g) You have not yet appealed this issue to the Facility Manager.  Final review will not be granted until you do so.  Upon receiving a response from the Facility Manager at the respective facility, you may once again submit a timely written appeal to this Office for final review.  Be sure that your appeal to this office includes **all** the necessary documents as outlined in DC ADM 804.  If **all** documents are not received with your appeal, it may be dismissed.  This response does not grant you a right to an appeal if it would otherwise have been untimely to pursue that appeal to the Superintendent. |
| | *x* | h) Your grievance and/or correspondence is being filed without further action for the reason(s) specified in the Comments/Action Taken section below. |
| | | i) The following action has been taken in response to the inquiry, request, or concern communicated in your letter. |

| *Comments/Action Taken:* |
|---|
| No further action will be taken on this grievance. Any further communications received from you pertaining to this grievance, may be filed without a response. |

| Signature: | Keri Moore | | Title: | Assistant Chief Grievance Officer |
|---|---|---|---|---|
| Date: | 1/24/19 | | | |

KLM

cc:   DC-15/Superintendent CAM
      Grievance Office (CR96)




Case 1:20-cv-01042-SHR-EB   Document 1   Filed 06/22/20   Page 40 of 55

(Exhibit C1)

Publication

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
Pending 767188
GRIEVANCE NUMBER
due 11/16/18

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR Facility manager Harry IPRC appeal | FACILITY: Cam | DATE: 10/18/18 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Akeem Page-Jones #LE6014 | SIGNATURE OF INMATE: Akeem Page-Jones | |
| WORK ASSIGNMENT: NA | HOUSING ASSIGNMENT: E-A-27 Cell | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of
   staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I File this Grievance as an appeal on IPRC's Decision on the denial of 10 Pictures that was sent to me. It is said that said Pictures advocates violence which is 10/4/18 of the decision. I am trying to understand Why a name or address was not given as I don't know where said Pictures came from or whom sent them so I can send them back as its being said I am not allowed to have because it creates a danger to the facility. I don't know what the 10 Pictures are so I can't say if its a danger to the facility or not. Relief Seeking: To have the name and address to whom sent the ten (10) Pictures so if they are indeed inappropriate I can send them back and let whom ever sent said Pictures Know that those kind of Pictures will not be accepted.   See attached Notice of incoming Publication Denial Form that was Sent to me 10/4/18.

B. List actions taken and staff you have contacted, before submitting this grievance.
   I wrote the mailroom, but have yet to receive a response.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

J Heist                                          10/25/8
Signature of Facility Grievance Coordinator          Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual
Section 1 – Grievances & Initial Review**                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

(Exhibit C 1)

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
SCI - CAMP HILL

SUBJECT:    Notice of Incoming Publication Denial

**Publisher/Sender Name:** _____

**Publisher/Sender Address or Email:**

TO:    Page-Jones, Akeem LE6014 E blk
       _____
       Inmate Name and Number

FROM:  Incoming Publications Review Committee (IPRC)

DATE OF IPRC DECISION: 10/4/2018 _____

**Section I**
The following publication addressed to you has been reviewed and found unacceptable for the reason(s), indicated below, based on the criteria set forth in the **DC-ADM 803, "Inmate Mail and Incoming Publications" policy Section 3.E.3.**

Name of Publication: 10 pictures _____

Volume/Number and/or Issue: _____   Date of Publication: _____

☐ Publication is already listed on the Master Publication Denial List If checked, skip Section II.

**Section II (Please circle all that apply. Page numbers are REQUIRED by policy)**

| b. Security Issues | | Page Number(s) |
|---|---|---|
| (1) | Information regarding the manufacture of explosives, incendiaries, weapons, escape devices or other contraband; | |
| Brief Description: | | |
| (2) | Instruction regarding the ingredients or manufacture of poisons, drugs, or intoxicating beverages; | |
| Brief Description: | | |
| (3) | (a) advocate violence | 10 pics |
| | (b) advocate insurrection or guerrilla warfare against the government or any of its facilities or | |
| | (c) create a danger within the context of the correctional facility | 10 pics |
| | (d) advocate, assist, or are evidence of criminal activity of facility misconduct; | 10 pics |
| Brief Description: | | |
| (4) | Racially inflammatory material or material that could cause a threat to the inmate, staff, or facility security; | - |
| Brief Description: | | |
| (5) | Maps, road atlas, etc., that would facilitate escape planning or pose a threat to staff, contractors, volunteers or facilities ; | |
| Brief Description: | | |
| **c. Obscenity, Pornography & Nudity Issues** | | Page Number(s) |
| (1) | Obscene material, explicit sexual material or nudity; | |
| **d. Religious Materials and Sacred Texts** | | Page Number(s) |
| (1) | Explicitly directs followers to act violently or encourages violent acts against persons of other races, nationalities, religions, etc; directs the use of instruments to harm oneself or others | |
| Brief Description: | | |

**If you and/or the sender DO wish to appeal:**
You and/or the sender have **15 days** from the date of this decision to notify the Facility Manager in writing. If an appeal is filed, the mailroom officer will hold the publication until the appeal process is completed. Additional information concerning the appeal process is found in DC-ADM 803, Subsection 3.E.4., which is available in the institution library or at www.cor.pa.gov.

**If you and/or the sender DO NOT wish to appeal:**
You have the option to forward a cash slip with an addressed envelope to the mailroom within working days from the date this decision to have the publication mailed *out of the facility*. Otherwise, the publication will be destroyed.

cc: Office of Policy, Grants, and Legislative Affairs
    DC-15

*DC-ADM 803, Inmate Mail and Incoming Publications Procedures Manual*
*Section 3 – Handling and Distribution of Mail*
Issued: 9/16/2015
Effective: 10/29/2015

*Attachment 3-B*

(Exhibit C2)

**Facility Manager's Appeal Response**
**SCI Camp Hill**
2500 Lisburn Road
Camp Hill, PA  17001

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Akeem Page-Jones | Inmate Number: | LE6014 |
|---|---|---|---|

| Facility: | Camp Hill | Unit Location: | E block A 27 |
|---|---|---|---|

| Grievance #: | 767188 | | |
|---|---|---|---|

| Decision: | ☒ Uphold Response (UR)      ☐ Uphold in part/Deny in part |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | *Frivolous* |
|---|---|

I have received and reviewed your appeal. In your appeal, you state you had ten photographs that were denied that allegedly advocate violence. You are asking why a name or address was not given on the denial notice. You claim you do not know "where said pictures came from or whom sent them." You also allege you do not know what the pictures are of "so I can't say if it's a danger to the facility or not." In relief, you request to have the name and address of the sender.

I reviewed IPRC's denial as well as the photographs themselves. I find the photographs to be properly denied. I find the content of the photographs advocate violence, create a danger within the context of the correctional facility, and advocate, assist, or are evidence of criminal activity of facility misconduct. In addition, as I informed you numerous times in the requests you sent, the photos in question were confiscated from your cell. Therefore, a return address or senders name was not available.

Therefore, I uphold the initial response and your appeal and any requested relief is denied.

| Signature: | *[signature]* |
|---|---|
| Title: | Facility Manager |
| Date: | 11/7/18 |

cc:    DC-15
       File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*                                                    *Attachment 2-B*
Issued: 2/27/2015
Effective: 5/1/2015

(Exhibit C3)

To: Chief office of Inmate Grievances and Appeals          Date: 11-16-18
From: Akeem Page-Jones #LE6014 | SCI-Camp Hill
Final Review For Grievance# 767188

I filed above numbered Grievance 10-18-18 because on 10-8-18 I received an "Notice of Incoming Publication Denial Form" Via mail where IPRC had made the decision to deny ten (10) Photo's on 10-4-18. The Photo's Were said to advocate Violence, create a danger within the context of the correctional facility, and advocate, assist, or are evidence of criminal activity of facility misconduct. ▓▓▓▓▓▓▓▓▓ At first thought I assumed that someone had sent me ten (10) Photo's, but I noticed that couldn't be correct because there were no Publisher/senders name or Publisher/senders address on the Form I had received as I wanted to send them back to where they came from if I couldn't receive them. . . I wrote IPRC, the mailroom, and the facility manager inquiring about these ten (10) Photo's. I wrote them all more than once to first be told by IPRC and the mailroom that "This is an ongoing investigation" and the facility manager's response was "These Photo's Were confiscated from Your cell, not from incoming mail. Therefore, we have no return address to Provide You." I then wrote again to be told "The details of the investigation can not be disclosed at this time" by IPRC, "Security is in Possession of Your Photos. You can write to security regarding the Pictures" by the mailroom, And "You are given the notice anytime Picture's are confiscated and sent to IPRC. The date on the notice is not the date they were confiscated, it's the date IPRC received them" by the Facility Manager. How ironic is it that I filed a Grievance back in June inregards of all my Personal along with many legal Property being confiscated/taken Without being issued a confiscation slip and the same day IPRC made it's decision to deny said Photos is the same date that I received notice from central office a final review extension was granted for Grievance#743621 Which was 10-4-18? Still . . . It is 11-16-18 and I've Yet to receive a response about it. It's very frustrating to know I am being retaliated against by SCI-Camp Hill staff official's and I file a complaint about it and nothing is being done about it. How can Photo's be taken from me approximately four (4) months ago and IPRC are just now receiving those Photo's? How can Photo's be confiscated from an inmate and not issue the inmate a confiscation? How can Photo's from an inmates legal discovery be taken and then used against the inmate as gang Paraphernalia? How can Photo's be confiscated from an inmates legal discovery and IPRC sends a "Notice of ▓▓▓▓ Incoming Publication denial Form" When said forms are only issued when incoming mail is deemed inappropriate? A description of the Photo's wouldn't even be given to me so I could help this matter. If You review Grievance#743621 You'll see that I Provided the Proper kind of information that can verify those Photo's are Part of my legal discovery. It is very obvious that this matter is trying to be covered up by SCI-Camp Hill staff ▓▓▓▓▓▓▓ Official's and that further let this office know I am being retailated ▓▓▓▓▓ against. Those ten (10) Photo's are only ten (10) out of thirty-three (33) Photo's that were taken from my cell four (4) months ago. If the ten (10) Photo's are indeed of myself and my co-defendant holding several firearms Which helped the state of PA convict me of First degree murder than the relief I seek will now be: To be transfered immediately as this is clear evidence that I am being retaliated against by SCI-Camp Hill Staff official's as they try to cover up a Wrongful deed in taking my legal discovery and trying to use it against me as a planned escape Which I was found guilty of, and also gang Paraphernalia Which is absurd. To have all staff official's that were involved held accountable for such retaliation Which violates my 8TH Amendment Right to be free from cruel and unusual Punishment. To have $5,000 Punitive damages placed on my account for the theft of my legal discovery Which further violates my 1ST, 5TH, and 14TH Constitutional Rights as an inmates legal discovery is not to be confiscated at no time by any staff official.

Respectfully submitted,
(s) ~~~~~~~~~

C.C: APJ, Debb R.

(Exhibit C4)

2018

# GRIEVANCE REFERRAL
### *(Notice to Inmate)*
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to final review for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this Office has reviewed the documents submitted; including your initial grievance, the grievance officer's response, your appeal to the facility manager, the facility manager's response, and the issues you raised to final review. Upon completion of this review, it is the determination of this Office to solicit input from an appropriate Central Office Bureau relative to the issue(s) raised in your grievance. Therefore, please be advised that the final review decision will be delayed pending review by the office to which it has been referred. Upon completion of this review, however, a determination will be made and you will be provided with a final appeal decision in writing.

| Inmate Name: | Akeem Page-Jones | Inmate Number: | LE6014 |
|---|---|---|---|
| SCI Filed at: | Camp Hill | Current SCI: | Camp Hill |
| Grievance #: | 767188 | | |

| Action: | Referral |
|---|---|

| Bureau/Office: | | |
|---|---|---|
| | | Bureau of Health Care Services |
| | | Psychology/Psychiatry |
| | | *Food Services* |
| | | Office of Chief Counsel |
| | | Bureau of Investigations and Intelligence |
| | | Bureau of Treatment Services |
| | x | *Office of Policy, Grants, and Legislative Affairs* |
| | | Other (specify): |

| Signature: | Dorina Varner |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 12/6/18 |

DLV/klm

cc:   DC-15/Superintendent CAM
      Grievance Office



(Exhibit C5)

2018

## Final Appeal Decision
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Akeem Page-Jones | | Inmate Number: | LE6014 |
|---|---|---|---|---|
| SCI Filed at: | Camp Hill | | Current SCI: | Camp Hill |
| Grievance #: | 767188 | | | |
| Publication (if applicable): | 10 Photographs | | | |

| Decision: | ☑ **Uphold Response (UR)** |
|---|---|
| | ☐ **Uphold Inmate (UI)** |
| | ☐ **Uphold in part/Deny in part** |

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | | *Frivolous* | |
|---|---|---|---|

You are appealing the denial of 10 photographs that were denied for advocating violence. You do not believe this is accurate. For relief, you seek to have the name and address to whom sent the photos so that, if they are indeed inappropriate, you can send them back and let them know those kinds of pictures will not be accepted.

Staff in the Policy Office reviewed your appeal and found that the denial of the photographs are appropriate. Therefore, this office upholds the responses provided to you and your requested relief is denied.

| Signature: | Dorina Varner |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 12/14/18 |

DLV/klm

cc:   DC-15/Superintendent CAM
      Grievance Office

(Exhibit D1)

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
Deputy S. Kephart

2. Date: 7/3/18

3. By: (Print Inmate Name and Number)
Akeem Page-Jones #LE6014
_Akeem Page-Jones_
Inmate Signature

4. Counselor's Name
Fells

5. Unit Manager's Name
Ritcher

6. Work Assignment
NA

7. Housing Assignment
E-A-26 cell

8. Subject: State your request completely but briefly. Give details.

I am writing you in regards to misconduct #D164404 as you will see it was for "escape". I would normally apologize for breaking the deal that we made as far as my half time goes, but I can't apologize for doing nothing wrong. My cell was searched and a rough draft to my book I was writing which was a chapter was found in Plan Sight and was betoded to be a Planned escape in "the Burah" when I clearly let it be known that it was a chapter out of my book. I could have denied ownership of this chapter that was found, but I took ownership as it wasn't a Planned escape of any kind. After all I wasn't given a confiscation slip for anything that was taken from my cell. Never in my mind did I think I could be charged for escape and found guilty for being creative and bring such ideas from my mind and create a Publication, as it was stated "The Burah" as that is Pittsburah. My Personal Property was taken from my cell and put in a trash bag and has been sitting on E-B Pod since the 18th of June. The book that I speak about is in that trash bag as I wasn't able to bring it to the Hearing examiner to show him what my Publication was located and the Story line is leading up to a Juvinile detention center break out. This Juvinile detention center is called Shuman located in Pittsburah.

9. Response: (This Section for Staff Response Only)

Mr Page-Jones,

In my experience & training when I read a document like this with photos & other documents that talk about "escape" & "murder" of Corrections Staff at an institution located in Harris'Burg". it seems to close to reality, in spite of your claims. I maintain this was an actual escape plan that was recovered by our staff. these items will be held pending the end of the grievance process

To DC-14 CAR only ☐                To DC-14 CAR and DC-15 IRS ☐

Staff Member Name    J. Bertovich
                     Print              Sign              Date  7/16/18

Revised July 2000

(Exhibit D2)

Pg. 1

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| | **INSTRUCTIONS**<br>Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
| 1.  To: (Name and Title of Officer)<br>Security Lt. Berfield | 2.  Date:<br>7/28/18 |
| 3.  By: (Print Inmate Name and Number)<br>Akeem Page Jones #LEG014<br><br>Akeem Page Jones ___ Inmate Signature<br>cc: APJ | 4.  Counselor's Name<br>Ms. Fells |
| | 5.  Unit Manager's Name<br>Mr. Ritchey |
| 6.  Work Assignment<br>NA | 7.  Housing Assignment<br>E-&A-26 cell |

8.  Subject:  State your request completely but briefly.  Give details.

Lt. Berfield I received Your response to the request form on 7-27-18 which was dated 7-16-18 in which I addressed and sent to Deputy Kephart regarding misconduct #D164404 charged with escape. Within your response You stated that You came to Your conclusion using Your Professional expertise's, and training. I understand that as a C.O. ᴵᴵ of security You are always actively involved within investigations, which and lead to You always searching for the wrong in a situation making You a Pessimistic thinker. I mean no disrespect to You but an FBI Profiler is never 100% correct and a lie detector test is only 98% dependable. Your theory is that I was 'Planning an escape from SCI-Camp Hill or some unknown place in Harrisburg, Would You be suprised to know I've never even been to Harrisburg?. Lt. Berfield I'm sure Your a Very Intelligent man and if You've carefully read my "Urban novel" that You confiscated along with my Personal Property, the scene is set in the "Burgh" meaning Pittsburgh as that's where I'm from not the "Burg" which is Harrisburg. I'm sure Your familiar with the difference in spelling of the geography mentioned. I'm just asking for You to use logical thinking because You have an innocent man enduring Punishment. due to You assumption. Some times our trainings lead us to misinterpet things

9.  Response: (This Section for Staff Response Only)

Again Inmate Page Jones, I don't believe you. this document is, to me, a plan to escape. You may not have it back.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _J Berfield_ / _[signature]_ Date _8/6/18_
                    Print                Sign

Revised July 2000

(Continued on Pg 2)

(Exhibit D2)                                    7/28/18

(Pg. 2) Request to Staff: Security Lt. Berfield    From: Akeem Page-Jones #LE6014

like, every one wearing a certain color isn't a gang member. Would you disagree if my theory was you were retaliating against me with this trumped up charge, due to my actions at SCI-Fayette?

I was drafting a fictional urban street novel, using my imagination and creativity, utilizing my time creativly. I apologize if my novel has caused the facility any concern, but it was nothing more than a story.

I am looking for relief from this false misconduct, I will still remain in an L-5 housing unit due to my RRL status but I would like "Escape" deleted from my record.

Thank you for your time in this matter. I hope to hear a response from you in a timely manner.

CC: APJ

Respectfully

/S/ Akeem Page-Jones

(Exhibit D3)

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>A.M. Security Dept | 2. Date:<br>8/8/18 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Akeem Page-Jones #LE6014<br><br>_Akeem Page-Jones_<br>Inmate Signature | 4. Counselor's Name<br>Ms. Fells |
| | 5. Unit Manager's Name<br>Mr. Ritchey |
| 6. Work Assignment<br>NA | 7. Housing Assignment<br>E-A-26 cell |

8. Subject: State your request completely but briefly. Give details.

I am writing you in regards to a confiscation slip for misconduct #D164404 and a confiscation slip for all of the property that was taken out of my cell 6-19-18 and was then sent to security as evidence. Also a confiscation slip for the photo's that is said to be Gang Paraphernalia which are of me and my co-defendant holding multiple firearms which is discovery evidence from my Homicide case from 2011.

I will wait 5 day's to receive a response back and I'll file the correct paper work to get the answers I seek.

Good Day

CC: APJ                                                    _Akeem Page-Jones_

9. Response: (This Section for Staff Response Only)

It is not clear to me what you are asking for. Could you please make it clear what you are asking for. if it is a return of these items, they are per DC ADm 815 sec 3 e.1. P. implements of escape therefore "Contraband" and should not be returned. If they are "discovery" why did you say they were part of about?

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  J Berfield _____  /  _____        Date  8/13/18
                              Print                    Sign

Revised July 2000

(Exhibit D4)

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1.  To: (Name and Title of Officer)<br>Superintendent Harry | 2.  Date:<br>7/17/18 |
|---|---|

| 3.  By: (Print Inmate Name and Number)<br>Akeem Page-Jones # LE6014<br><br>_Akeem Page Jones_<br>Inmate Signature | 4.  Counselor's Name<br>Fells |
|---|---|
| | 5.  Unit Manager's Name<br>Ritchey |

| 6.  Work Assignment<br>NA | 7.  Housing Assignment<br>E-A-26 cell |
|---|---|

8.  Subject:  State your request completely but briefly.  Give details.

I'm writing you this a very request because I am trying to obtain a sepreration on all the security staff including Lt. Besfield and all the officers who works on the 6-2 shift on E-Block. My reason is that You tell me that I need to try and stay misconduct free and I can honestly say that I have been no problem, but in fact I'm being lied against because your staff do not like what I did to the 3 c.o.s at SCI-Fayette. SCI-camp Hill is rendering me to move forward by continuing to falseify misconduct and I'm being found guilty of such misconducts by the hearing examiner as he state's "he believe the reporting officers word and ignorin the factual evidence that says different. If I can not get these seperations to get me transfered out of this facility I'ma be forced to go to the courts and file an injunction to get this done. Nobody is listening to my pleas as I just want to get into a step down program to get off of RRL. I have not had any more Assault misconducts since 12/27/18, and I don't even recall ever having a hearing to be placed on RRL. Please forward such paperwork.
cc: APJ                                                                     _Akeem Page Jones_

9.  Response: (This Section for Staff Response Only)

You can address your RRL concerns with PRC.
You also cannot request a separations from
multiple staff because you're claiming they don't
lets you.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____LH_____ / _____(sign)_____  Date __7/23/18__
                         Print                            Sign

Revised July 2000

(Exhibit DS)

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8.  If you follow instructions in<br>preparing your request, it can be responded to more<br>promptly and intelligently. |
|---|---|

| 1.  To: (Name and Title of Officer)<br>Superintendent Harry | 2.   Date:  8/6/18 |
|---|---|

| 3.  By: (Print Inmate Name and Number)<br>Akeem Pase-Jones # LF0014<br><br>_aleen fase Jan_<br>Inmate Signature | 4.  Counselor's Name<br>Fells |
|---|---|
| | 5.  Unit Manager's Name<br>Ritchey |

| 6.  Work Assignment<br>          N/A | 7.  Housing Assignment<br>E-A-26 cell |
|---|---|

8.  Subject:  State your request completely but briefly.  Give details.

I am writing you inquiring about a policy. When an inmate's property is taken/confiscated isn't it per Doc policy that the inmate must be given a confiscation slip? But what if there is something taken from the inmate that's considered evidence of a crime or misconduct doesn't that inmate receives a confiscation slip or not?

What if an inmate has had property taken and has never issued a confiscation slip? What would your advise be?

What if an inmate is charged with a crime or misconduct for something that has taken from him/her but that inmate still to be given a confiscation slip for what was taken? Please give me your advice to my questions.

Thanks

CC: APJ                                            allen fase Joul

9.  Response: (This Section for Staff Response Only)

Confiscation slips are issued when property is confiscated. Without knowing your issue/question, I cannot properly answer

| To DC-14 CAR only   ☐ | To DC-14 CAR and DC-15 IRS   ☐ |
|---|---|

Staff Member Name _____ LAA _____ / _____ GPA _____ Date  8/9/18
                         Print                      Sign

Revised July 2000

(Exhibit D6)

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>Superintendent Harry | 2. Date:<br>8/12/18 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Akeem Page-Jones # LE6014<br><br>_Akeem Page-Jones_<br>Inmate Signature | 4. Counselor's Name:<br>MS. Fells |
| | 5. Unit Manager's Name:<br>Ritchy |
| 6. Work Assignment:<br>N/A | 7. Housing Assignment:<br>E·A· 26 Cell |

8. Subject: State your request completely but briefly. Give details.

Okay, I have been asking you questions in regards to receive a confiscation slip if property is taken/confiscated... My issue is that on 6-18-18 my cell was searched and all of my personal property was taken/confiscated and my legal documents were taken/confiscated and I was issued a misconduct for "escape" in which was said was a document of a planned escape was found, which I let it be known that it was out of a chapter of a urban fiction novel I was in the process of creating, so that's more property taken/confiscated. I was found guilty of that misconduct which is #D164404. I appealed to PRC which was denied and then to you which was denied also by you stating that there was no violation of DOC Policy or Procedures, but you tell me in your request that "a confiscation slip is issued when property is confiscated". In my appeal I clearly stated and cited DOC Policy. I told you in my appeal that my property was taken, but at no time was I issued a confiscation slip which is a violation of DOC Policy and Procedures. That's my question, why did you deny my appeal when there is a clear violation? Thanks
CC:APJ                                                              _Akeem Page-Jones_

9. Response: (This Section for Staff Response Only)

Regardless of whether you were given a copy of the CR you were still found guilty. Policy is not specific that a copy of the CR is given to m'tm, as there may be times or may not be given a copy.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____LH_____           _____LH_____           DATE 8/14/18
                         Print                      Signature

*7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips*          *Attachment 3-A*

(Exhibit D7)

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>Superintendent Harry | 2. Date:<br>8/15/18 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Akeem Page-Jones #LE604<br><br>_allen page Jones_<br>Inmate Signature | 4. Counselor's Name:<br>MS. Feils |
| | 5. Unit Manager's Name:<br>Ritchey ★ |
| 6. Work Assignment:<br>NA | 7. Housing Assignment:<br>E-A-26 cell |

8. Subject: State your request completely but briefly. Give details.

I am writing you back in regards of not receiving a confiscation slip for misconduct #D164404. You state that regardless if I was given one or not, I was still found guilty of the misconduct. That does not make sense MS. Harry! If I never received a confiscation slip for that misconduct I should've never been found guilty because technically there wasn't any thing found and the misconduct should've been dismissed. You state that Policy does not specifically say a confiscation slip will be given to an inmate. Sorry to say, but you are very wrong because ~~&~~ Searches of inmates and cells (DC-ADM 203) specifically state "Your cell my be searched as part of a general search, randomly selected, or as part of an investigation. During a cell search, precautions are taken to avoid damage to items in the cell. Any item that is contraband or evidence of a crime or misconduct will be confiscated. You "will" be given a confiscation slip for any item that is removed. So how can you say Policy doesn't specifically state that when it do indeed say it's Policy?

CC: APJ                                          _allen page Jones_

9. Response: (This Section for Staff Response Only)

Please see previous response, dated 8/6/18. I will not respond to an issue I have previously addressed.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____    _____    DATE 8/20/18
                              Print              Signature

**7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips**          *Attachment 3-A*

Akeem Page-Jones*LE6014
SCI-Camp Hill
P.o. Box 200
Camp Hill, PA 17001-0200

June 6, 2020

Office of The Clerk
United States District Court
Middle District Of Pennsylvania
William J. Nealon Federal BLDG And U.S. Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148


Dear Office Of The Clerk:

My name is Akeem Page-Jones*LE6014 and I am Currently Confined at SCI-Camp Hill. I Send You this very Correspondence as I am a Pro se Petitioner Submitting four (4) Copies Of my Complaint (Including the original Copy), four (4) Copies Of the Marshal Service Form (Form USM-285), four (4) Copies Of the Waiver Of The Service Of Summons Form, and four (4) Copies Of the Notice Of A Lawsuit And Request To Waive Service of Summons Form. All forms were filled out to the best Of my abilities. A Copy Of the Application To Proceed In Forma Pauperis Form Was sent Separately so the business Office Of SCI-Camp Hill Can Provide Your Office With the Correct information. I must note that the Application To Proceed In Forma Pauperis Form may or may not be received Upon this Correspondence.


I do appreciate Your time in this matter.



                    Respectfully Submitted,

                    Akeem Page-Jones

Office Of The Clerk
United States District Court
Middle District Of Pennsylvania
William J. Nealon Federal BLDG.
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

Akeem Page-Jones #LE6014
SCI-Camp Hill
P.O. Box 200
Camp Hill PA, 17001-0200

RECEIVED
SCRANTON
JUN 2 2 2020
PER_____ DEPUTY CLERK



7001 0515 9057

CERTIFIED MAIL