## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AKEEM PAGE-JONES,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-1042** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **JASON BERFIELD,** *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

This matter is before the Court pursuant to Defendants' motion to partially dismiss (Doc. No. 19) *pro se* Plaintiff Akeem Page-Jones ("Plaintiff")'s amended complaint (Doc. No. 16). For the following reasons, the Court will grant in part and deny in part the motion to partially dismiss.

## I.    BACKGROUND

On June 22, 2020, Plaintiff, who is currently incarcerated at the State Correctional Institution Rockview in Bellefonte, Pennsylvania ("SCI Rockview"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Jason Berfield ("Berfield"), Zimmerman ("Zimmerman"), J. Schneck ("Schneck"), Zachary J. Moslak ("Moslak"), CO Reese ("Reese"), CO Reneker ("Reneker"), Buelto ("Buelto"), CO Gilday ("Gilday"), CO Snyder ("Snyder"), Christina Srebro ("Srebro"), Scott Miller ("Miller"), Tonya L. Heist ("Heist"), Laurel Harry ("Harry"), and Keri Moore ("Moore"). (Doc. No. 1.) Plaintiff also sought leave to proceed *in forma pauperis*. (Doc. No. 4.) In an Order dated June

24, 2020, the Court granted Plaintiff leave to proceed *in forma paupers* and directed service of his complaint upon Defendants. (Doc. No. 6.)  On August 14, 2020, Defendants filed a motion to dismiss the complaint. (Doc. No. 12.)  Plaintiff requested and was granted an extension of time to respond. (Doc. Nos. 14, 15.)  In lieu of a response, however, Plaintiff filed an amended complaint. (Doc. No. 16.)

Plaintiff's amended complaint concerns events that occurred while he was incarcerated at SCI Camp Hill. Plaintiff alleges that on June 18, 2018, while he was housed in the Restricted Housing Unit ("RHU"), Defendants Zimmerman and Reese strip searched him prior to escorting him to the exercise area. (*Id.* ¶ 19.)  Defendant Zimmerman told Plaintiff that he should stop filing grievances because nothing would ever change. (*Id.*)  Defendants Zimmerman, Reese, Reneker, and Buelto ultimately searched and "trash[ed]" Plaintiff's assigned cell and confiscated his personal and legal property. (*Id.*)  Plaintiff asked Defendant Gilday for help, but Defendant Gilday did nothing to stop the others. Plaintiff told Defendant Zimmerman that he would be filing a grievance, and Defendant Zimmerman responded that Plaintiff would "be receiving [his] paperwork soon, so enjoy your time in the RHU." (*Id.*)  Plaintiff never received a Confiscated Items Receipt ("CIR"). (*Id.* ¶ 20.)

Plaintiff subsequently received a misconduct on June 19, 2018 and appeared before Defendant Schneck for a hearing on June 21, 2018. (*Id.*) Ultimately, Defendant Schneck dismissed the misconduct because of Plaintiff not being provided with the proper documentation and for failure to file a proper DC-141 Misconduct Report. (*Id.*) Later that day, Defendant Berfield came to Plaintiff's cell and told Plaintiff that he would be writing another misconduct, and that "this time it will stick." (*Id.* ¶ 21.) Three (3) hours later, Plaintiff received another misconduct, which he avers was a "rewrite of the first misconduct [he] received on" June 19, 2018. (*Id.*) An officer told Plaintiff that Defendant Berfield had said that if Plaintiff "signed off" on his grievances and gave information about who was bringing contraband into the prison, the misconduct would go away. (*Id.*) Plaintiff noted that he would not make an agreement to do so because he was not withdrawing any filed grievances. (*Id.*)

On June 22, 2018, Plaintiff submitted a grievance regarding the search of his cell and seizure of his property. (*Id.* ¶ 22.) On July 2, 2018, Plaintiff appeared before Defendant Schneck for his second misconduct hearing. (*Id.* ¶ 23.) Plaintiff maintains that Defendant Schneck told him that he was "good friends" with Defendants Zimmerman, Reese, Reneker, Buelto, and Gilday and that Plaintiff had upset "a lot of 'good people'" by filing "frivolous grievances and harassing people

with paperwork." (*Id.*)  Plaintiff refused to respond to these comments, and Defendant Schneck told Plaintiff he was finding him guilty of escape. (*Id.*)  Plaintiff asked how he could be found guilty of escape without review of the confiscated items, and Defendant Schneck noted that Plaintiff would not be in this predicament if he had not filed grievances. (*Id.*)  Defendant Schneck gave Plaintiff the maximum punishment, ninety (90) days of disciplinary confinement. (*Id.*)  Plaintiff asked why he was being retaliated against for filing grievances, but Defendant Schneck "cut him off and told him to just file[] his appeal." (*Id.*)

On July 17, 2018, Plaintiff wrote a request slip to Defendant Harry, asking to be separated from Defendants Zimmerman, Reese, Reneker, Buelto, and Berfield. (*Id.* ¶ 24.)  Defendant Harry responded, "You cannot request a separation[] from multiple staff because you're claiming they don't like you." (*Id.*)  On August 8, 2018, Plaintiff asked to speak to Defendant Snyder. (*Id.* ¶ 23.)  Plaintiff asked Defendant Snyder about the grievance he had filed, and Defendant Snyder told Plaintiff he had "some nerve calling [him] to [his] cell asking about a grievance." (*Id.*)  Defendant Snyder told Plaintiff that he should not wonder why he was being retaliated against because he was sent to SCI Camp Hill for assaulting officers at another facility. (*Id.*)

4

Plaintiff avers that Defendant Harry retaliated against him for filing grievances by permitting a "campaign of harassment." (*Id.* ¶ 25.) Plaintiff maintains that she conspired with Defendants Zimmerman, Reese, Reneker, Buelto, and Berfield to allow the seizure of his property. (*Id.*) According to Plaintiff, Defendant Harry was aware that these Defendants were not authorized to act on June 18, 2018 because Plaintiff had written several request slips notifying her of the confiscation, yet she "refused to [e]nsure that DC-ADM policy [was] followed and Plaintiff's grievances were adequately investigated." (*Id.*)

Based on the foregoing, Plaintiff alleges that his First Amendment rights were violated because Defendants retaliated against him. (*Id.* ¶¶ 27-32.) Plaintiff also asserts a civil conspiracy claim against Defendants.[1] (*Id.* ¶¶ 33-37.) As relief, he seeks damages. (*Id.* at 8.)

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences

---

[1] Plaintiff also suggests that Defendants' actions violated 18 U.S.C. §§ 241 and 242. These statutes, however, are civil rights-related conspiracy statutes for which there is no private cause of action. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) ("We agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil cause of action."). Accordingly, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 will be dismissed.

5

that can be drawn from them, viewed in the light most favorable to the plaintiff.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading."  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible.  *Id.*  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded

6

factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).   A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed."   *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B.   Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a

8

right, privilege, or immunity secured by the Constitution or laws of the United States.
*See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting
*West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.   DISCUSSION

Defendants seek partial dismissal of Plaintiff's amended complaint for the
following reasons: (1) his claims against Defendants Srebro, Miller, Heist, Harry,
Moore, and Moslak should be dismissed for lack of personal involvement; (2)
Plaintiff has failed to plead an adequate conspiracy claim; and (3) Plaintiff's claims
against Defendants in their official capacity are barred by sovereign immunity.
(Doc. No. 20 at 2.)  The Court considers each argument in turn below.

### A.   Claims Against Defendants Srebro, Miller, Heist, Harry, Moore, and Moslak

As an initial matter, Plaintiff fails to state a claim for relief against Defendants
Srebro, Miller, Heist, Moore, and Moslak.   Although Plaintiff names these
individuals as Defendants, there are no averments related to them in the body of the
complaint.  Thus, Plaintiff's claims against these individuals are subject to dismissal
for that reason alone.  *See Robinson v. Wheary*, No. 1:16-cv-2222, 2017 WL
2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing complaint pursuant to
screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint
names numerous individual defendants, [but] contains no well-pleaded factual

9

averments relating to these specific defendants in the body of the complaint"). The Court, therefore, will grant the partial motion to dismiss with respect to Plaintiff's claims against Defendants Srebro, Miller, Heist, Moore, and Moslak.

With respect to Defendant Harry, Defendants assert that "the only allegations against her relate to grievances and request slips the Plaintiff filed, and his conclusory belief that she orchestrated/acquiesced in other defendants' harassment/retaliation of him." (Doc. No. 20 at 4.) The Court agrees that the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, does not establish the involvement of officials and administrators in any underlying constitutional deprivation. *See Pressley v. Beard*, 266 F. App'x. 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."). Thus, any claims against Defendant Harry based solely upon the substance of her respective responses, or lack thereof, to Plaintiff's grievances and request slips are subject to dismissal. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for liability).

The Court, however, does not agree with Defendants that Plaintiff has entirely

10

failed to set forth a plausible claim against Defendant Harry at this time.   As discussed *infra*, the Court has concluded that Plaintiff has adequately pled a cause of action for conspiracy under § 1983 against Defendants Zimmerman, Reese, Reneker, Buelto, Berfield, and Harry.   Moreover, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'"   *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).   Here, Plaintiff avers that Defendant Harry had knowledge of the alleged violations of his rights and acquiesced to such violations.   (Doc. No. 16 ¶ 25.)   The Court, therefore, declines to grant Defendants' motion to dismiss on the basis that Plaintiff has not adequately alleged Defendant Harry's personal involvement.

### B.    Conspiracy Claim

Plaintiff avers that Defendants entered a civil conspiracy to violate his constitutional rights.   (Doc. No. 16 ¶¶ 33-37.)   To maintain an action for civil

11

conspiracy under § 1983, a plaintiff must allege "both the deprivation of a constitutional right and the existence of a conspiracy to violate that right." *Wodarski v. Erie Office of Children & Youth Servs.*, No. 10-292, 2012 WL 602933, at *4 (W.D. Pa. Feb. 23, 2012).  Moreover, "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy.  The plaintiff must expressly allege an agreement or make averments of communications, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively*, 783 F. Supp. 922, 928 (M.D. Pa. 1992).  The plaintiff's allegations "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives." *Id.*  A plaintiff cannot rely upon subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Here, the Court concludes that Plaintiff had adequately pled a cause of action for conspiracy under § 1983 at this time.  As set forth above, Plaintiff alleges that Defendants retaliated against him for filing grievances.  "Plaintiff has adequately alleged a 'meeting of the minds,' because it can be inferred from the allegations that [Defendants Zimmerman, Reese, Reneker, Buelto, Berfield, and Harry] retaliated against Plaintiff" for filing grievances and complaints. *Cole v. Encapera*, No. 15-104, 2015 WL 8528449, at *8 (W.D. Pa. Dec. 11, 2015).  Plaintiff's allegations, as

set forth *supra*, "are enough to infer that Defendants agreed to conspire against Plaintiff in an attempt to silence him or retaliate against him." *Id.* The Court, therefore, will deny the partial motion to dismiss with respect to Plaintiff's civil conspiracy claim pursuant to § 1983.[2]

## C.    Official Capacity Claims

In his amended complaint, Plaintiff indicates that he is suing Defendants in

---

[2] Plaintiff also vaguely contends that Defendants' actions violated 42 U.S.C. § 1985(3). (Doc. No. 16 ¶ 34.) "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). Plaintiff, however, fails to allege the type of race- or class-based discrimination that is required to state a claim under § 1985(3). Therefore, he cannot proceed with respect to any claims brought pursuant to § 1985(3).

Defendants contend that Plaintiff's conspiracy claim is also subject to dismissal because Defendants are all employed by the Department of Corrections ("DOC") and, therefore, "cannot conspire as a matter of law, as they are all part of the same agency." (Doc. No. 20 at 5.) In support of their argument, Defendants quote *Ziglar v. Abbasi*, in which the Supreme Court noted:

> Conspiracy requires an agreement—and in particular an agreement to do an unlawful act—between or among two or more separate persons. When two agents of the same legal entity make an agreement in the course of their official duties, however, as a practical and legal matter their acts are attributed to their principal. And it then follows that there has not been an agreement between two or more separate people.

*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). However, the Court explicitly noted that it "has not given its approval to this doctrine in the specific context of § 1985(3)." *Id.* at 1868. Moreover, "the intra-corporate conspiracy doctrine [is] inappropriate to determine at the motion to dismiss stage, as it is 'a defense and requires a factual inquiry.'" *Cole*, 2015 WL 8528449, at *8 (quoting *Logan v. Salem Baptist Church of Jenkintown*, No. 10-cv-144, 2010 WL 3364203, at *5 (E.D. Pa. Aug. 17, 2010)). Accordingly, the Court declines to dismiss Plaintiff's § 1983 civil conspiracy claim on this basis at this time.

their individual and official capacities.   (Doc. No. 16 ¶ 17.)   Individual state employees sued in their official capacity, however, are entitled to Eleventh Amendment immunity.  *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 480 (3d Cir. 2019).  The Court, therefore, will grant the partial motion to dismiss with respect to Plaintiff's official capacity claims.

### D.    Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  *Id.*  The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

14

For the reasons set forth above, it would be futile to grant Plaintiff leave to amend: (1) any claims against Defendant Harry arising from her involvement in the review of his grievances; (2) his claims pursuant to 18 U.S.C. §§ 241 and 241; and (3) his official capacity claims.  Moreover, it would be futile to permit Plaintiff leave to file a second amended complaint with respect to Defendants Srebro, Miller, Heist, Moore, and Moslak as well as his § 1985(3) conspiracy claim.  Plaintiff alleged no facts to support these claims, and "he has already had two chances to tell his story." *Jones*, 944 F.3d at 483.  Accordingly, "giving him further leave to amend would be futile." *Id.*

## IV.   CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss (Doc. No. 19) will be granted in part and denied in part.  The motion will be granted with respect to: (1) Plaintiff's claims against Defendants Srebro, Miller, Heist, Moore, and Moslak; (2) any claims against Defendant Harry arising from her involvement in the review of his grievances; (3) his claims pursuant to 18 U.S.C. §§ 241 and 241; (4) his official capacity claims; and (5) his § 1985(3) conspiracy claim.  The motion will be denied with respect to Plaintiff's conspiracy claim.  The above-captioned action, therefore, will proceed with respect to Plaintiff's First Amendment retaliation claim against Defendants Berfield, Zimmerman, Schneck, Reese, Reneker, Buelto,

Gilday, Snyder, and Harry, as well as Plaintiff's civil conspiracy claim.   An

appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Date: December 18, 2020